(No. 22393.—

The People of the State of Illinois, Defendant in Error, *vs.* Arthur Lavac, Plaintiff in Error.

*Opinion filed October 17, 1934.*

EUGENE L. McGARRY, and PAUL R. SKALA, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURT-NEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

By this writ of error to the criminal court of Cook county, plaintiff in error, Arthur Lavac, seeks reversal of his conviction and sentence to life imprisonment for the murder of Frank Svec, a police officer.

Lavac resided in Berwyn with his wife and children. Svec and another police officer, Chatterton, went to Lavac's home about 6:30 o'clock in the evening of December 12, 1932. They were both dressed in plain clothes and wore overcoats buttoned except at the top. They stopped their car in front of Lavac's home and walked to the kitchen door, which was closed, as was also the storm door. While they were on the porch at this door, and after they had knocked, a number of shots were exchanged, apparently by Lavac and officer Chatterton. Shots appear to have penetrated the door from the inside as well as from the outside. The two officers fell mortally wounded, each dying shortly thereafter. Soon after the shooting Lavac turned on his back porch light and went outside. At this time a number of persons had gathered in the alley just back of the premises where officer Chatterton lay mortally wounded. Lavac requested that the police be called. Officers soon arrived and placed Lavac and his entire family under arrest.

With the exception of Lavac's eleven-year-old daughter, Marian, no witness was produced who saw any of the shooting. Officer Svec was armed with a pistol, fully

loaded, which he carried in his holster under his coat and overcoat. In the inside pocket of his coat was found the unserved warrant for Lavac's arrest on the charge of contributing to the delinquency of his children. It was conceded at the trial that Lavac fired the shots which killed Svec, but it was contended that they were fired in the necessary, or apparently necessary, defense of himself, his family and habitation.

Lavac testified he was not acquainted with Svec and did not know that he was a police officer. He said he was at home with his family on the evening in question preparing to take a bath; that his wife told him that someone was at the kitchen door; that he was aware that hoodlums had been active in the neighborhood and upon going to the door took his pistol in hand; that the inside kitchen door and the outside storm door were both closed; that without opening the door he made inquiry of the persons outside, and was told, in substance, to open the door or they would break in or shoot in. Thereupon he said they immediately fired through the door and he returned the fire. After the firing ceased he said he went out on the back porch, where he saw some people standing and asked that they call the police. When the police arrived Lavac was in the living room and his wife and three children were around him. When asked who did the shooting he said, "Mans come to house and I shoot." This was corroborated by the testimony of his daughter, Marian. His wife, for obvious reasons, did not testify.

At the trial a large amount of testimony was introduced to show that Lavac, whose children had been attending the public schools in Berwyn, was opposed to their vaccination for small-pox. It was shown that a controversy arose out of this question which had resulted in a threatened injunction proceeding by Lavac against the school authorities and in the institution of proceedings against him for contributing to the delinquency of his children. He had taken

them out of school about a month prior to the killing. The People produced a number of witnesses who testified concerning Lavac's conduct and conversation in which he opposed having his children vaccinated. In this connection, however, no witness testified that Lavac had made any threats or expressed any intent to commit violence. In addition to this oral testimony the People introduced in evidence a number of exhibits found in Lavac's home soon after the killing, in the form of pamphlets and other printed matter setting forth the evils of vaccination. All of this testimony concerning the controversy over the question of vaccination of Lavac's children was admitted in evidence over his objection. While it was proper for the jury to know that there was, in fact, a controversy, and that this controversy had proceeded to the point where a prosecution had been instituted against Lavac for contributing to the delinquency of his children, no useful purpose was served by permitting the introduction of so much testimony upon this subject. This is especially true as to the pamphlets and other printed matter found in Lavac's home, none of which should have been admitted. Lavac was being tried upon a charge of murder—not upon the charge of contributing to the delinquency of his children or because of his prejudice against vaccination. This detailed testimony could well be calculated to confuse the jury and create in their minds an unwarranted prejudice against the defendant.

Objection is made to the testimony of certain witnesses who said that officer Chatterton, immediately after the shooting and while lying fatally wounded in the alley adjacent to Lavac's home, made statements that he and Svec had gone to the house to serve the warrant and that the man in the house (meaning Lavac) had shot him. It is urged that these statements were mere hearsay, were not made in the presence of the defendant, and were therefore incompetent. As the killing was admitted by the defend-

ant, and it is not denied that the officers were at Lavac's home for the purpose of serving process, no harm was done by this evidence.

Lavac was convicted of the crime of murder. At his trial he relied upon self-defense and defense of habitation. The question for the jury to determine was whether the killing was wanton and malicious, as charged in the indictment. Express malice is the deliberate intention unlawfully to take the life of another, manifested by external circumstances capable of proof. (Crim. Code, sec. 140.) Malice is implied when no considerable provocation appears or when all the circumstances of the killing show an abandoned and malignant heart. (Ibid. sec. 140.) Malice necessary to constitute a killing murder is presumed where the act is deliberate and is likely to be attended with dangerous or fatal consequences. (*People* v. *Crenshaw*, 298 Ill. 412.) One may intentionally kill in self-defense and not be guilty of murder. (*Hammond* v. *People*, 199 Ill. 173; *People* v. *Penman*, 271 id. 82; *People* v. *Motuzas*, 352 id. 340.) The circumstances which distinguish murder from manslaughter have often been passed upon by this court. Manslaughter is the killing of a human being without malice, express or implied, and without deliberation. It may be voluntary if caused by a provocation apparently sufficient to make the passion irresistible, or involuntary if committed without intent or in the doing of a lawful act without caution or circumspection. (*People* v. *Crenshaw, supra.*) While part of Lavac's story seems incredible, especially his statement that the officers shot first, yet we do not believe the proof was sufficient to sustain his conviction of murder. No express malice was shown, and the elements from which malice might be implied are also missing. Lavac was not shown to have ever made any threats or committed any previous acts of violence. He testified that he was alarmed at the pounding on his back door and believed that his home was about to be unlaw-

fully invaded by hoodlums and that he believed that he or his family were threatened with injury or great bodily harm. These circumstances, which are not and cannot be refuted, negative any inferences of malicious intent, without which a conviction for murder cannot be sustained.

The People sought to show that the killing was premeditated and deliberate because Svec was an officer and armed with a warrant for the arrest of Lavac, but there was no evidence that Svec and Chatterton were known by Lavac to be officers, and the latter testified positively that he did not know their official character. It was after dark, but even if it had been daylight when the officers arrived, they were dressed as plain-clothesmen and wore no outward insignia of their official character. Under these circumstances the People had no right to rely upon the official character of Svec. What we said on the same subject in *People* v. *Bissett,* 246 Ill. 516, is especially pertinent, viz.: "Before the State could take advantage of his official character for the purpose of characterizing the act of plaintiff in error as murder, it was essential that it be shown, beyond all reasonable doubt, that the plaintiff in error had knowledge of Russell's official character and of his authority.—*Rafferty* v. *People,* 69 Ill. 111; *Starr* v. *United States,* 153 U. S. 614."

It is urged that even though no direct evidence was produced to show Lavac's knowledge that Svec was an officer, yet the inference necessarily followed that Lavac, having violated the law and contributed to the delinquency of his children, must have anticipated arrest, and therefore must have known that the persons on his back porch were officers. No such violent and far-fetched inferences can be indulged in to sustain a murder conviction. Nothing in the record shows that Lavac had violated any law or that he had caused his children to become delinquent, although a proceeding of that nature was then pending against him. On the record there is reasonable doubt that Lavac was

guilty of shooting Svec with knowledge of his official character or of the purpose of his visit. Under such circumstances this court has not hesitated to reverse a conviction. *People* v. *McMahon,* 254 Ill. 62; *People* v. *Jones,* 313 id 335.

The judgment of the criminal court of Cook county is reversed and the cause is remanded.

*Reversed and remanded.*