THE CITY OF DECATUR, Plaintiff-Appellee, *v.* JOHN T. CURRY, Clerk of the Circuit Court of Macon County, *et al.*, Defendants-Appellants.

Fourth District   No. 13057

Opinion filed June 24, 1976.—Rehearing denied August 3, 1976.

Basil G. Greanias, State's Attorney, of Decatur, for appellants.

Hilmer C. Landholt, Corporation Counsel, and Vernon H. Houchen, both of Decatur, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Effective January 1, 1974, section 16—102 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 16—102) was amended to authorize municipal attorneys to prosecute State charges for traffic violations occurring within the corporate limits of their municipality "if written permission to do so is obtained from the State's Attorney." This case concerns the question of the effect, if any, of the amendment upon the disposition of fines and forfeitures for such traffic violations, as provided in section 16—105 of the Code (Ill. Rev. Stat. 1973, ch. 95½, par. 16—105) which was not amended.

Plaintiff, the City of Decatur, Illinois, a municipal corporation, filed a three-count complaint in the Circuit Court of Macon County against defendants John T. Curry, Clerk of the Circuit Court of Macon County, the County of Macon, Illinois, and Frank A. Meara, County Treasurer and ex officio County Collector of the County of Macon, Illinois. Neither Count I nor a counterclaim of defendants is before us on review. Count II requested a declaratory judgment that traffic fines collected from offenses arising under chapters 11-15 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, pars. 11—100 to 15—319), where based on traffic citations issued by city police officers and committed in the city, be declared payable to the City of Decatur. Count III requested a specific monetary judgment against the county for traffic fines collected since April 1, 1974.

The parties agreed to the following facts: That prior to April 1, 1974, fines for offenses committed in the city where violators were arrested by city police and where city police appeared in court, or where fines were paid without a court appearance, were paid to the city. That the fines and penalties in dispute were for offenses committed within the city in violation of chapters 11-15 of the Motor Vehicle Code. That on all offenses where a court appearance was required the State's Attorney's office appeared as prosecutor. That 75% of such cases were terminated without any court appearance. That on March 12, 1974, the State's Attorney of Macon County sent a letter to the corporation counsel of the City of Decatur granting the City permission to prosecute said traffic offenses. That after April 1, 1974, the State's Attorney of Macon County continued to appear in all such traffic cases requiring an appearance. That after April 1, 1974, all fines collected by the circuit court in such cases were deposited with the county treasurer. That since April 1, 1974, no fines and penalties have been paid to the city treasurer for offenses committed within the city where city police officers appeared in court when required, nor has there been payment to the city for offenses paid by violators directly to the circuit clerk. That in connection with the prosecution of offenses by the State's Attorney's office, where a court

appearance was required, a State's Attorney fee of $5 was charged by the court and collected with the fine and deposited with the county treasurer. That the fines collected for offenses committed within the city where arrests were made by city police officers and where city police appeared in court when required were in excess of $50,000. That at all times city police have arrested violators within the city for the enumerated violations and have appeared in court for prosecution purposes when an appearance was required.

The trial court found for the plaintiff as to Count II, ruling that it was entitled to all fines and forfeitures involving traffic offenses committed upon the streets and highways within its corporate limits where violators were arrested and charged by the police and the officers appeared in court when required. An accounting was ordered pursuant to Count III for a disposition consistent with the ruling as to Count II. The trial court found that there was no just reason to delay enforcement of or appeal from the decree. Defendants then timely filed notice of appeal.

Prior to 1973, sections 16—102 and 16—105 of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, pars. 16—102, 16—105) provided as follows:

"§16—102. Arrests—Investigations—Prosecutions. The State Police shall patrol the public highways and make arrests for violation of the provisions of this Act.

The Secretary of State, through the investigators provided for in this Act shall investigate and report violations of the provisions of this Act in relation to the equipment and operation of vehicles as provided for in Section 2—115 and for such purposes these investigators have and may exercise throughout the State all of the powers of constables and police officers.

The State's Attorney of the county in which the violation occurs shall prosecute the violator."

"§16—105. Disposition of fines and forfeitures. (a) Fines and penalties recovered under the provisions of Chapters 11 through 16 inclusive of this Act shall be paid and used as follows:

1. For offenses committed upon a highway within the limits of a city, village, or incorporated town or under the jurisdiction of any park district, to the treasurer of the particular city, village, incorporated town or park district, if the violator was arrested by the authorities of the city, village, incorporated town or park district, *provided the police officers and officials of cities, villages, incorporated towns and park districts shall seasonably prosecute for all fines and penalties under this Act.* If the violation is prosecuted by the authorities of the county, any fines or penalties recovered shall be paid to the county treasurer. * * *" (Emphasis added.)

The amendment to Section 102 restated the last paragraph of that section as follows:

> *"The State's Attorney of the county in which the violation occurs shall prosecute all violations except when the violation occurs within the corporate limits of a municipality, the municipal attorney may prosecute if written permission to do so is obtained from the State's Attorney.* (Emphasis added.) P.A. 78-885, Ill. Rev. Stat. 1973, ch. 95½, par. 16—102.

Prior to enactment of the amendment to section 16—102, the clause of section 16—105 "provided the police officers and officials of the cities, villages, incorporated towns and park districts shall seasonably prosecute for all fines and penalties under this Act" was interpreted in *City of Champaign v. Hill*, 29 Ill. App. 2d 429, 173 N.E.2d 839. There the City of Champaign brought action for a declaratory judgment that it was entitled to a fine paid by an individual on a plea of guilty when charged in the county court for a traffic violation alleged to have occurred within the city limits. The complaint also alleged that a city police officer made the arrest and signed the information charging the offense. Upon a final judgment adverse to the city it appealed. The appellate court reversed and remanded with directions to enter a summary judgment in favor of the city. Noting that different definitions had been given in various court opinions to the term "prosecute," the court reasoned that the meaning of the word in the statute in question would have to be decided by determining the legislative intent.

In discussing the history of section 16—105 and its predecessors, first enacted in 1935, the court found a definite intent for the municipalities to have the fines and forfeitures if the required conditions were met. The court also observed that at that time, the law was clear that a municipal attorney could not conduct in-court proceedings in aid of such a prosecution. Citing *Pliakos v. Liquor Control Commission*, 11 Ill. 2d 456, 459, 143 N.E.2d 47, 49, for its statement that the legislature would be presumed to intend 'to enact an effective law' (29 Ill. App. 2d 429, 447, 173 N.E.2d 839, 848), the court ruled that the legislature could not have intended that the officers of the municipalities were required to perform an unauthorized act in order to "prosecute." The court then said:

> "Rather, since the whole of this case revolves around construction and interpretation of the word 'prosecute' we are constrained to hold that the intent of the legislature, in the initial enactment of the subsection and subsequent amendments, meant the word to mean only the common, everyday use of the word, *and only intended to require that the city officers pursue the offender as far as they might legally go* * * * To hold otherwise would be to destroy any right on the part of these political subdivisions to receive fines

under the Act. \* \* \*" (Emphasis added.) (29 Ill. App. 2d 429, 449, 173 N.E.2d 839, 849).

The Court concluded:

> "We therefore hold, in accordance with the two opinions of the Attorney General of Illinois heretofore cited, that the word 'prosecute' does not include the formal conduct of the court proceeding, but does include the arrest, signing of a complaint for warrant or signing of an information and appearance as witness in court. We must further hold that if these things and acts are performed by the municipal authorities, and the offense is committed within the limits of the municipality, the municipality is entitled to receive the fine collected, irrespective of the actions of the State's Attorney." 29 Ill. App. 2d 429, 450, 173 N.E.2d 839, 849.

An interesting question is presented as to the meaning of the *Hill* decision in the context of the amendment to section 16—102. Did the court in *Hill* rule that the phrase "seasonably prosecute" requires the municipality, through its officers, to pursue the defendant toward conviction as far as legally permissible so that its attorneys must conduct in-court proceedings if they can acquire that power? This is what defendants contend. Did the *Hill* court, on the other hand, rule that since at the time of the enactment of the legislation in question municipal officers could only arrest, sign charges and appear as witnesses "seasonably prosecute" means only to do those things and nothing more even if further authority is obtainable by municipal officers? This is the contention of plaintiff.

Although the question is a close one, we find the contention of defendants to be the more persuasive. In discussing the history of section 16—105 and its predecessors the court in *Hill* noted a pattern to divide the fines and forfeitures between municipality, county and State based upon the place where the violation occurred and the performance of duties by various officials. "If these duties were met by the officials of the political subdivision, then it would seem to be the intention of the legislature to give the fines and penalties collected to that political subdivision where the offense or violation occurred." (29 Ill. App. 2d 429, 446, 173 N.E.2d 839, 848.) Rather than setting a definite standard as to what the municipality must do to be entitled to the proceeds, the legislature provided in general terms that in addition to arresting the offender, the municipal officers must "seasonably prosecute." "Legislative standards are often couched in general terms which are capable of embracing and intended to embrace future applications which are not and cannot be foreseen at the time of enactment." (2A Sutherland, Statutory Construction §49.01 (4th ed. 1973).) The *Hill* court found that the legislature intended the term "prosecute" to mean to "pursue the offender" as far as possible. As applied to the situation in 1961 when *Hill*

was decided, that definition or general standard only required that the municipal officers arrest, sign charges and appear as witnesses at trial. Although the present authority of municipalities might not have been foreseen when section 16—105 was enacted, the rule of *Hill* today requires a municipal attorney, if so authorized, to engage in court proceedings in order to "pursue the offender" as far as possible and thus "seasonably prosecute" him.

Plaintiff also maintains that it is not required to have its attorney conduct court proceedings in order to receive fines and forfeitures because it has never requested authority to do so and has thus not "obtained" permission from the State's attorney. However, as long as the letter of permission of March 12, 1974, was not revoked it was within the power of the City to "seasonably prosecute" within the meaning of *Hill*, by the appearance in court of the municipal attorney. Therefore the City, by its refusal to accept the tender of permission extended by the State's Attorney, was not doing everything within its power to "pursue the offender" as far as possible.

Although section 16—105 speaks in terms of the municipal officers prosecuting for "all fines and penalties under this Act" we do not construe that clause to mean that the right to receive fines and penalties for one case requires that the municipality must have performed all possible prosecutional functions in other cases. The facts in *Hill* had reference only to what had been done in that case and not as to the practice of the municipality in other cases.

We hold that when the State's attorney of a county has tendered or granted to a municipality within the county and of the type listed in section 16—105 permission for its attorney to prosecute offenses listed in that section, and the State's attorney is required, because of the failure of that municipal attorney to do so, to appear and prosecute such an offense in either the circuit or appellate court, any fines or penalties recovered in that case, which would otherwise be paid to the municipality shall be paid to the county. In all other cases, fines and penalties shall be distributed as heretofore. The appearance of the State's attorney in one case shall not prejudice the right of a municipality to fines and penalties in other cases.

As to the instant case, the judgment of the trial court is affirmed in part and reversed in part. To the extent it declares that the plaintiff City is entitled to the fines and forfeitures in question in cases when the Macon County State's Attorney conducts in-court proceedings and an attorney for the plaintiff City fails to do so, the judgment is reversed. In all other respects the declaratory relief granted is affirmed. To the extent that the portion of the judgment ordering an accounting requires an accounting for fines and forfeitures which arise from cases where the State's attorney had conducted in-court proceedings and the City attorney has failed to do

so the order for accounting is reversed. Otherwise, that portion of the judgment is affirmed. The cause is remanded to the Circuit Court of Macon County with directions that the judgment be modified in accordance with this opinion.

Affirmed in part, reversed in part, and remanded with directions.

TRAPP, P. J., and SIMKINS, J., concur.