THE CITY OF URBANA *et al.*, Plaintiffs-Appellees, *v.* JAMES R. BURGESS, JR., State's Attorney of the County of Champaign, Defendant-Appellant.

Fourth District   No. 13224

Opinion filed July 22, 1976.

CRAVEN, J., specially concurring.

James R. Burgess, Jr., State's Attorney, of Urbana, *pro se* (Frederic M. Grosser, Assistant State's Attorney, of counsel), for appellant.

Jack Waaler and Albert Tuxhorn, City Attorneys, of Champaign, and Robert F. Turnbow, Village Attorney, of Rantoul (Kurt P. Froehlich, Assistant City Attorney, of counsel), for appellees.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:
Defendant appeals from an order granting summary judgment upon plaintiffs' complaint for declaratory judgment.

The complaint asserted that a controversy existed concerning the prosecution of violations of sections 11—100 through 11—1422 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, pars. 11—100 through 11—1422), arising from the fact that the State's Attorney referred to

section 16—102[1] of that Code as amended effective January 1, 1974, and authorized the respective municipalities in writing to prosecute violations of the several statutory sections of the Illinois Vehicle Code, except sections 11—501 and 11—501.1, when the arrests were made within the corporate limits by the police of the respective municipalities. The letter of the State's Attorney further advised that:

> "Effective January 1, 1975, my office will not prosecute traffic offenses within the scope of the foregoing permission."

The complaint further alleged that neither of the municipal bodies had requested the State's Attorney to grant to them the authority to prosecute such violations and that each had requested defendant to continue to prosecute, but that he had refused to do so. The answer of the defendant admits the latter allegations. The prayer of the complaint is for a declaratory judgment that the defendant, as State's Attorney, is required by law to prosecute violations of the Illinois Vehicle Code as described.

Prior to January 1, 1974, the statute at issue provided:

> "The State's Attorney of the county in which the violation occurs shall prosecute the violator."

While the complaint does not precisely delineate the issues argued here, plaintiffs contend that the statute, as amended, should be construed to mean that authority or permission to prosecute such traffic violations must be sought and requested by them and that the State's Attorney cannot unilaterally bestow upon, or extend to, municipal officials the authority to prosecute such traffic violations. We read the issue so framed as being, where lies the responsibility to prosecute offenses in the defined category when there has been no request by municipal authorities for permission to prosecute.

Plaintiffs initial argument is directed to the common meaning of the verb "obtain." It is pointed out that Black's Law Dictionary (rev. 4th ed. 1968), as well as standard dictionaries, defines the meaning as "to get hold of by effort." There is doubtful persuasion in such source as a meaning of substantially equal a strength is "to acquire in any way".

We have examined the transcripts of the proceedings in the respective Houses of the Legislature incident to the adoption of the amendment. See Ill. Const. art. IV, §7(b).

The statutory amendment, as first proposed in the House, provided:

> "The municipal attorney in the city in which a violation occurs may prosecute the violator. The State's Attorney of the county in which the violation occurs shall prosecute all violations not otherwise prosecuted."

---

[1] "The State's Attorney of the county in which the violation occurs shall prosecute all violations except when the violation occurs within the corporate limits of a municipality, the municipal attorney may prosecute if written permission to do so is obtained from the State's Attorney."

A subsequent amendment in the House provided:

> "The Municipal attorney in the city or village in which a violation occurs shall prosecute the violator, unless the State's Attorney of the county in which the violation occurs elects to prosecute such violation."

As finally passed, the Senate amendment was concurred in by the House to adopt the statute in its present form. In moving the concurrence of the House with the Senate amendment, the sponsor of the bill said:

> "It provides that only at the ah * * * written request of the municipality and the written approval of the State's Attorney may the local prosecutor prosecute Illinois Vehicle Code ah * * * violations. I move concurrence in the amendment."

We conclude that the progressive development of the amendment and the comment of those participating reflects the accommodation to the differing municipalities within the State which have variable volumes of traffic violations and municipal legal staffs ranging from considerable to virtually none.

■■ The resulting statute may be properly said to provide for an agreement or treaty between responsible municipal authorities and the State's Attorney in meeting the responsibility for such prosecutions. Upon such premise we conclude that the present statute does not permit a State's Attorney to unilaterally delegate such responsibility, and that such may not be imposed absent a request or an acceptance by the municipal authorities.

The defendant argues that the principal purpose in its present form is to permit a State's Attorney to better deploy his legal staff to work on matters of greater importance than traffic violations. Such would be one of the results of an accepted grant of authority by a municipality. (See also *City of Decatur v. Curry*, 39 Ill. App. 3d 799, 350 N.E.2d 816.) The statute continues to provide, however, that the State's Attorney "shall prosecute" just as it did prior to the amendment at issue and we find nothing substantial in the legislative proceedings incident to the amendment which intends the choice asserted by the State's Attorney.

■■ In this court plaintiff argues that the provision at issue is unconstitutional. Neither the complaint nor the order of the trial court suggests that the issue was presented or ruled upon in that court and the issue is not properly before us. *Smith v. Glowacki*, 122 Ill. App. 2d 336, 258 N.E.2d 591; *Psyhogios v. Village of Skokie*, 4 Ill. App. 3d 186, 280 N.E.2d 552; *Holiday Magic, Inc. v. Scott*, 4 Ill. App. 3d 962, 282 N.E.2d 452.

Defendant argues that the subject matter of the complaint concerns prosecutorial discretion and is not an appropriate subject of judicial regulation. The order construing the statute, however, is not properly construed as judicial regulation or limitation of the historic exercise of

discretion and judgment in the performance of the official duties of the State's Attorney as found in *People v. McCollough,* 57 Ill. 2d 440, 313 N.E.2d 462.

The judgment is affirmed.

Affirmed.

SIMKINS, J., concurs.

Mr. JUSTICE CRAVEN, specially concurring:

The circuit court of Champaign County by its order in this declaratory judgment proceeding declared that it is the duty of the State's Attorney of Champaign County to prosecute on behalf of the people those cases brought by police officers of the municipalities named as plaintiffs wherein a violation of the Illinois Vehicle Code is charged. This court by its judgment affirming that order necessarily holds the declaratory judgment was properly allowed, and that there was no material issue of fact, and, finally, that the judgment entered by the circuit court was correct. I agree with the judgment entered.

This concurring opinion is written to expressly state my understanding of the consequences of our opinion in this case and the opinion of this court in *City of Decatur v. Curry,* 39 Ill. App. 3d 799, 350 N.E.2d 816. Section 16—102 provides that municipal attorneys may prosecute traffic violations that occur within the corporate limits of the municipality if written permission to do so is obtained from the State's Attorney. In this case, we hold that a State's Attorney cannot divest himself of the statutory obligation to prosecute offenses by a unilateral delegation to municipal attorneys. The State's Attorney can, however, *authorize* municipal attorneys to proceed. He would still retain the primary responsibility to prosecute.

Obviously, the real issue lurking in this case and expressly involved in *Curry* concerns the disposition of fines as well as primary responsibility for presecution.

Prior to the statutory amendment now in question, the statute provided that the State's Attorney had the sole prosecutorial jurisdiction (Ill. Rev. Stat. 1973, ch. 95½, par. 16—102). In the case of *City of Champaign v. Hill,* 29 Ill. App. 2d 429, 173 N.E.2d 839, this court, then the Third District, interpreted the word "prosecute" as then used in the statute with reference to the disposition of fines. In order to prevent the word "prosecute" as used in another section from being rendered meaningless, the court interpreted that section to authorize the payment of fines to a municipality if the municipal officials do all things necessary and within their legal power, such as make the arrest, sign informations, appear or

produce witnesses—all things that they were then legally authorized to do to bring the violator to justice. The court construed the term "prosecute" as not requiring the formal conduct of court proceedings which municipal attorneys were not then legally authorized to conduct.

The effect of the decision in the *Hill* case was to make it possible to distribute the fines to the municipalities although they did not in fact "prosecute" the case. Under the rationale of the *Hill* case, and now under the decision of this court in *Curry*, and the instant case, we arrive at the point where the primary responsibility for prosecution still rests upon the State's Attorney. The State's Attorney can now, however, unilaterally authorize a municipal attorney to prosecute traffic cases. The municipal attorney does not have to, but being legally authorized to do so, his refusal to do so means the municipality is not entitled to the fine.