(No. 48711.—

THE CITY OF DECATUR, Appellee, v. JOHN T. CURRY,
Circuit Clerk, *et al.,* Appellants.

*Opinion filed December 3, 1976.*

Basil G. Greanias, State's Attorney, of Decatur, for
appellants.

Hilmer C. Landholt, Corporation Counsel, and Vernon

H. Houchen, Special Counsel for the City of Decatur, both of Decatur, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendants, the County of Macon, its county treasurer and the clerk of the circuit court, appealed from the judgment of the circuit court of Macon County entered in favor of plaintiff, the City of Decatur, in its action for declaratory judgment. The appellate court affirmed in part, reversed in part and remanded with directions (39 Ill. App. 3d 799) and thereafter granted a certificate of importance (Ill. Const. 1970, art. VI, sec. 3; Rule 316 (58 Ill. 2d R. 316)).

The plaintiff city filed a three-count complaint seeking an injunction (count I), a declaratory judgment (count II) and a money judgment (count III). In its decree the circuit court dismissed count I, entered judgment on count II, and found, pursuant to Rule 304 (58 Ill. 2d R. 304), that there was no just reason for delaying enforcement or appeal. The decree also ordered an accounting as prayed in count III.

The controversy involved the interpretation of section 16—105 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 16—105), which in pertinent part provided:

"(a) Fines and penalties recovered under the provisions of Chapters 11 through 16 inclusive of this Act shall be paid and used as follows:

1. For offenses committed upon a highway within the limits of a city, *** to the treasurer of the particular city *** if the violator was arrested by the authorities of the city, *** provided the police officers and officials of cities *** shall seasonably prosecute for all fines and penalties under this Act. If the violation is prosecuted by the authorities of the county, any fines or penalties recovered shall be paid to the county treasurer."

Also relevant is section 16—102 of the Illinois Vehicle

Code (Ill. Rev. Stat. 1975, ch. 95½, par. 16—102), which was amended effective January 1, 1974 (Laws of 1973, at 2787), by deleting the paragraph shown as stricken and adding the paragraph immediately following the deletion:

"Sec. 16—102. Arrests—Investigations—Prosecutions. The State Police shall patrol the public highways and make arrests for violation of the provisions of this Act.

The Secretary of State, through the investigators provided for in this Act shall investigate and report violations of the provisions of this Act in relation to the equipment and operation of vehicles as provided for in Section 2—115 and for such purposes these investigators have and may exercise throughout the State all of the powers of constables and police officers.

~~The State's Attorney of the county in which the violation occurs shall prosecute the violator.~~

*The State's Attorney of the county in which the violation occurs shall prosecute all violations except when the violation occurs within the corporate limits of a municipality, the municipal attorney may prosecute if written permission to do so is obtained from the State's Attorney.*"

The facts are not in dispute. Prior to April 1, 1974, when offenses occurred within the limits of the plaintiff city and the city police made the arrest, charged the violator and appeared in court if requested, fines and forfeitures coming into the hands of the defendant clerk of the circuit court as a result of convictions, pleas of guilty or bond forfeitures involving offenses under chapters 11 through 16 of the Illinois Vehicle Code were paid over to the city treasurer. About 75% of the cases involving these offenses were terminated without a court appearance by the prosecution; but if a court appearance was necessary, the State's Attorney's office appeared as prosecutor.

In a letter dated March 12, 1974, addressed to the plaintiff city's corporation counsel, the State's Attorney granted the city "permission to prosecute any traffic offenses set forth in Chapter 95½, sections 11 through 15, inclusive, Illinois Rev. Stat. 1973, which option should be

exercised by entering the appearance of the municipal attorney at the first court date fixed in the traffic ticket." The State's Attorney advised the city attorney of the foregoing amendments to section 16—102, and that:

> "The undersigned respectfully submits that in view of the authority for the municipalities with the permission of the State's Attorney to prosecute these cases through their own attorney, failure to do so requires that fines collected pursuant to prosecution by the State's Attorney's office will be paid into the County Treasury rather than to the cities, villages, incorporated towns, etc.
>
> \*\*\*
>
> In order to put the matter in simple terms, the position of our office will be as follows: If the municipality desires to prosecute the cases and enters their appearance at a time prior to the first appearance of defendant in Court, they will be entitled to any fines collected. If they fail to do so, our office will enter its appearance upon the first court date and thereafter any fines collected will be paid into the County Treasury. In order to give you and the circuit clerk sufficient notice of the change, we will not implement this system until April 1, 1974."

After April 1, 1974, the city police continued to arrest and charge persons who, within the city limits, committed offenses under chapters 11 through 16 of the Illinois Vehicle Code and if requested to do so, appeared in court. The State's Attorney continued to appear in those cases in which an appearance for the prosecution was required. The city attorney did not appear in any of the cases. Upon the advice of the State's Attorney, the clerk of the circuit court has paid to the county all fines and forfeitures received by him from offenses occurring within the city, and since April 1, 1974, the city has not received any of these funds. The fines and forfeitures for offenses occurring within the city for the months of April, May, June and July of 1974 were in excess of $50,000. In addition to the fines and forfeitures, the county received a $5 State's Attorney's fee for each conviction, taxed as

costs pursuant to statute. See Ill. Rev. Stat. 1975, ch. 53, par. 8.

The question presented both in the circuit court and on appeal is whether, as contemplated by section 16—105, "the police officers and officials" of the plaintiff "have seasonably prosecute[d] for all fines and penalties" under the Act. The circuit court held:

"27. That The City of Decatur is entitled to the fines, penalties and forfeitures which come into the hands of the Defendant, JOHN T. CURRY, as Circuit Clerk, resulting from convictions, pleas of guilty or forfeitures involving offenses committed by violators upon streets and highways within the corporate limits of The City of Decatur, where said violators were arrested and charged by the City Police of The City of Decatur, and where the said City Police appeared in Court when required, and which involve violations under Chapter 95½, Illinois Revised Statutes, Sections 11 through 15 inclusive (1973)."

The appellate court said:

"We hold that when the State's attorney of a county has tendered or granted to a municipality within the county and of the type listed in section 16—105 permission for its attorney to prosecute offenses listed in that section, and the State's attorney is required, because of the failure of that municipal attorney to do so, to appear and prosecute such an offense in either the circuit or appellate court, any fines or penalties recovered in that case, which would otherwise be paid to the municipality shall be paid to the county. In all other cases, fines and penalties shall be distributed as heretofore." 39 Ill. App. 3d 799, 804.

Except that the phrase chapters "11 through 16" was added to subparagraph (a) in 1970 (Ill. Rev. Stat. 1971, ch. 95½, par. 16—105), section 16—105 and its predecessor sections first enacted in 1935 (Laws of 1935, at

1283-84) have contained the same language since 1943. (See Ill. Rev. Stat. 1943, ch. 95½, par. 235.) The term "prosecute," as used in what was then section 138 of the Uniform Act Regulating Traffic on Highways (Ill. Rev. Stat. 1959, ch. 95½, par. 235), was discussed in an opinion of then Attorney General Ivan A. Elliott, who stated:

> "It is my opinion that the term 'prosecute' as used in said Subdivision 1, contemplates the making of the arrest, the initiating of the complaint, and appearance as prosecuting witness rather than the formal conduct of the proceeding.
>
> The fact that the State's Attorney might appear to conduct the proceedings would not, in the instance wherein the authorities of the city, village or incorporated town have made the arrest, signed the complaint and appeared as prosecuting witnesses, deprive the city, village or incorporated town of the right to receive the fine. The legislative intent was to encourage enforcement of the Uniform Traffic Act by providing that fines imposed for violations committed within the limits of a city, village or incorporated town be payable to the treasurer of such city, village or incorporated town.
>
> Therefore, when the officers or authorities of the city, village or incorporated town have taken all the steps within their authority in connection with the prosecution of an offense, that is, made the arrest, filed the complaint, and appeared as prosecuting witness, then a fine imposed for such offense should be paid to the treasurer of such city, village or incorporated town." 1949 Ill. Att'y Gen. Op. 17, 18-19.

In an opinion rendered in 1953, then Attorney General Latham Castle said:

> "It is therefore my opinion, in answer to your first question, that the prosecution of an offense, within the meaning and scope of clause (1), does not include the formal conduct of the court proceedings, but includes arrest, signing of a complaint for warrant or signing of an information, and appearance of a witness in court. If these steps are taken by the police officers or officials of a municipality or park district for offenses committed within the limits of the municipality or jurisdiction of a park district, the municipality or park district is entitled

to receive the fine collected irrespective of whether or not the State's Attorney appeared in court to conduct the proceedings.

I am further of the opinion that it is not necessary, in order for a local municipality to qualify for collection of a particular fine, that no other authority, such as the State's Attorney, shall have any hand in the prosecution, if the violator was arrested by the municipal authorities and if the police officers or officials of such municipalities had a complaint or information signed and appeared as prosecuting witnesses." 1953 Ill. Att'y Gen. Op. 237, 239.

In *City of Champaign v. Hill*, 29 Ill. App. 2d 429, the city sought a declaratory judgment construing section 138. In deciding what constituted prosecution by the city officials within the meaning of the statute the appellate court reviewed the history of the statute, the definitions of the word "prosecution" contained in dictionaries and judicial opinions, the duty of the State's Attorney to prosecute misdemeanors where the maximum penalty exceeded $500, and the two Attorney General opinions on the subject and concluded:

"We therefore hold, in accordance with the two opinions of the Attorney General of Illinois heretofore cited, that the word 'prosecute' does not include the formal conduct of the court proceeding, but does include the arrest, signing of a complaint for warrant or signing of an information and appearance as witness in court. We must further hold that if these things and acts are performed by the municipal authorities, and the offense is committed within the limits of the municipality, the municipality is entitled to receive the fine collected, irrespective of the actions of the State's Attorney. In so holding, this court believes that it is construing the word 'prosecute' in accordance with the spirit and intent of the legislature. This court has no right to legislate but

only to interpret the laws as legislated." 29 Ill. App. 2d 429, 450.

Plaintiff contends, and the circuit court held, that absent an amendment to section 16—105 the rationale of *Hill* should control here. Defendants contend that the subsequent amendments to section 16—102 compel the conclusion that the county is entitled to the fines and forfeitures and argue that,

> "At the time of the *Hill* decision, there was no specific provision stating who or what authority was to prosecute violations of the State traffic laws. Therefore, the Court quite correctly reasoned that only the State's Attorney possessed the power to conduct the actual court proceedings following the arrest or citation of a traffic violator. Further, the Court reasoned that since the municipality lacked authority to pursue the matter beyond arrest, the word 'prosecute' for purposes of the disposition of fines collected in traffic cases would have no meaning if construed to include in-court proceedings as the municipality could never qualify under these conditions. Naturally, the Court concluded that in this context the word 'prosecute' meant that the municipal 'officials' do all they could do, i.e. make the arrest, sign the complaint and testify in court."

They argue further that following the decision of *Hill* the General Assembly amended section 136 of the Uniform Act Regulating Traffic on Highways (Ill. Rev. Stat. 1963, ch. 95½, par. 233) to direct that the State's Attorney prosecute all violations of the Act; that in 1973 it allowed municipal attorneys, with the written permission of the State's Attorney, to prosecute for violations of the Act occurring within the corporate limits and that "Since the municipalities are now empowered to prosecute and these cases are within the normal customary meaning of that word, the need for a unique definition sought in *Hill* is no longer present."

The basis of the appellate court's decision is its reading of *Hill* as construing "prosecute" to mean that the city officials must "pursue the offender" as far as possible,

which at that time required only that municipal officers arrest, sign charges and appear as witnesses at trial; and that the "rule of *Hill* today requires a municipal attorney, if so authorized, to engage in court proceedings in order to 'pursue the offender' as far as possible and thus 'seasonably prosecute' him." (39 Ill. App. 3d 799, 803-04.) It held, however, that the county was entitled to the fines and forfeitures only when the State's Attorney appeared, or in approximately 25% of the cases, and that the city was entitled to the fines and forfeitures in cases which were terminated without the appearance of a prosecutor, or about 75% of the cases.

We do not agree with the appellate court that *Hill* held that the General Assembly intended the term "prosecute" to mean to "pursue the offender" as far as possible. In *Hill* the city police arrested a traffic violator within the city limits and signed an information charging him with operating a motor vehicle while under the influence of intoxicating liquors. The violator pleaded guilty and was fined $100. It was contended in *Hill* that the provision that the "officials of cities *** shall seasonably prosecute for all fines and penalties under this Act" gave the city the right to bring an action in the name of the city and conduct the prosecution without the State's Attorney. (See 29 Ill. App. 2d 429, 440.) The appellate court noted that the offense of driving while intoxicated, punishable by a fine of $100 to $1,000 (see Ill. Rev. Stat. 1959, ch. 95½, par. 144), was a misdemeanor justiciable only in a court which could impose the maximum penalty. It then examined the statute pertaining to the duty imposed on the State's Attorney, the statute governing the jurisdiction of police magistrates, and the provisions of article VI, section 33, of the Constitution of 1870, and concluded that the offense involved could be prosecuted only by the State's Attorney in the county or circuit court. 29 Ill. App. 2d 429, 440-41.

Had the opinion in *Hill* interpreted "prosecution" to

mean to "pursue the offender" as far as possible, the city could have prosecuted all offenses under the Act for which the maximum fine did not exceed $500. The court, however, after deciding that the city officials could not conduct the actual court proceedings for an offense with a maximum penalty of over $500 held that "prosecute" within the meaning of the statute "does not include the formal conduct of the court proceeding" and that this holding applied to all offenses under the Act. 29 Ill. App. 2d 429, 450.

We do not find it necessary to decide, and therefore do not further consider, whether the two Attorney General opinions and *Hill* correctly held that "prosecute" as used in the statute governing the disposition of fines and penalties "does not include the formal conduct of the court proceeding." When construed by an appellate court the construction becomes, in effect, a part of the statute (*Mitchell v. Mahin,* 51 Ill. 2d 452, 456; *Schwarz v. Schwarz,* 27 Ill. 2d 140, 150; *Knierim v. Izzo,* 22 Ill. 2d 73, 80), and any change in interpretation can be effected by the General Assembly if it so desires.

For the foregoing reasons the judgment of the appellate court, insofar as it reversed in part the judgment of the circuit court, is reversed, and the judgment of the circuit court is affirmed.

*Appellate court affirmed in part*
*and reversed in part; circuit*
*court affirmed.*