(No. 83-CC-0256–

JOHN R. CLEMONS, Jackson County State's Attorney, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order on motion to dismiss filed February 8, 1983.*

*Order on motion for summary judgment filed June 23, 1983.*

JOHN R. CLEMONS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

## ORDER ON MOTION TO DISMISS

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent to dismiss said cause and Claimant's objections to said motion.

Respondent's motion to dismiss sets forth that some of the claims for which recovery is sought are outlawed by the statute of limitations and objects to Claimant's claim on the grounds that Claimant has failed to state a cause of action in his complaint.

It is the Court's finding that there is a question as to whether or not Claimant's complaint is satisfactory. Much of what Respondent has alluded to as a defect in the complaint is evidence and as such is discoverable and/or part of the elements of proof of the claim, the fact of

which need only be alleged in the complaint at the proper time in this case.

It is hereby ordered that the complaint in this matter be, and the same is, stricken with leave granted to file an amended complaint within 60 days of the date of this order.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

HOLDERMAN, J.

This matter comes before the Court upon motion of summary judgment filed by Respondent and objection to said motion by Claimant.

Claimant has filed suit against the State of Illinois seeking to recover 10% of all fines received from Jackson County involving motor vehicle offenses which have been forwarded to the State by the circuit clerk of said county. It is Claimant's position that the State's Attorney is entitled to the fees for all traffic tickets from Jackson County.

Respondent takes the position that the State's Attorney's office is not entitled to the 10% deduction provided for in the statute unless the State's Attorney's office has actually prosecuted the offender, which prosecution then results in the collection of the fine of which the State's Attorney is claiming a portion.

The original complaint, as well as the amended complaint, fails to allege active or overt prosecution by the office of the State's Attorney. It also fails to allege that the State's Attorney's office appeared at the hearing, trial or other proceedings or that it participated in an active manner in the prosecution or conclusion of the offenses at any time from the inception to their end. Two cases are cited by the parties in dealing with the matter in question: *City of Champaign v. Hill* (1961), 29 Ill. App.

2d 429, and *City of Decatur v. Curry* (1976), 65 Ill. 2d 350. The courts, in both instances, went into a lengthy discussion of the issues involved and both came to the conclusion that in matters involving traffic violations within the city where the matter is handled entirely by the city authority, the State's Attorney is not entitled to fees as would have been the case if he had actively participated in the prosecution.

It is noted that the statute itself provides that where the municipality makes the original arrest and follows up with the prosecution, then the municipality is entitled to the fines and penalties. It is clear from reading the two cases cited that it was the intention of the legislature that in some cases, such as the present case, fees should go to the municipality and not to the State.

It is the Court's opinion that if the legislature had intended that the State's Attorney's office is automatically entitled to a fee for any and *all* traffic violations within the municipalities' limits, this statute would have been so worded. It is not so worded and does provide for distribution of fees.

It is the Court's opinion, therefore, that the motion of Respondent for summary judgment is correct and should be granted. Motion for summary judgment is granted and this cause is dismissed.