(No. 58622.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appel-
lee, v. WILLIE SMALLWOOD, Appellant.

*Opinion filed May 25, 1984.*

James J. Doherty, Public Defender, and Hugh Stevens, Assistant Public Defender, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, and Michael E. Shabat and Jane E. Liechty, Assistant State's Attorneys, all of Chicago, of counsel), for the People.

CHIEF JUSTICE RYAN delivered the opinion of the court:

The defendant, Willie Smallwood, was indicted in the circuit court of Cook County for numerous criminal offenses under the Criminal Code of 1961, including two counts of armed robbery (Ill. Rev. Stat. 1981, ch. 38, par. 18—2), two counts of armed violence (Ill. Rev. Stat. 1981, ch. 38, par. 33A—2), two counts of aggravated battery (Ill. Rev. Stat. 1981, ch. 38, par. 12—4(b)(1)); and one count of attempted murder (Ill. Rev. Stat. 1981, ch. 38, pars. 9—1(a), 8—4), all arising out of an occurrence on November 4, 1981. The armed-violence charges were dismissed by the State. Following a jury trial, the court directed a verdict for the defendant on the attempted-murder count. The jury convicted the defendant on both counts of armed robbery and one count of aggravated

battery.

The trial court sentenced the defendant to an extended-term sentence of 50 years for one count of armed robbery (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—2(a)(2)) and to the statutory maximum of 30 years (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1(3)) for the second armed-robbery conviction. This sentence was to run concurrently with the sentence imposed for the other armed-robbery conviction. A consecutive five-year sentence was imposed upon the defendant for the aggravated-battery conviction. The extended sentence for the one armed-robbery conviction was imposed under the statutory provision of the Unified Code of Corrections, which allows enhanced sentences if the offense was accompanied by exceptionally brutal or heinous acts. (Ill. Rev. Stat. 1981, ch. 38, pars. 1005—5—3.2(b)(2), 1005—8—2(a)(2).) The defendant appealed to the appellate court, challenging only the sentences imposed. In a Rule 23 order (87 Ill. 2d R. 23), the appellate court affirmed the sentences imposed for the two armed-robbery convictions, but vacated the five-year sentence imposed for the aggravated-battery conviction. (114 Ill. App. 3d 1154.) We granted defendant's petition for leave to appeal (87 Ill. 2d R. 315).

On November 4, 1981, Cardell Adams and Jesse Clark were in the entranceway of an apartment building. The defendant, Willie Smallwood, whom Adams had known for several years, and another individual accosted Adams and Clark. Smallwood and the other man each had a handgun. Smallwood informed Adams and Clark that this was a holdup. In order to convince the victims that he was serious, he fired a shot from his gun out the door. When Adams and Clark announced that they had no money, Smallwood struck Adams over the left eye with his gun, opening a wound which bled freely. The other man struck Clark in the head with his gun, and

the two victims were ordered to lie down. As they did so, Adams took $2 and $42 worth of food stamps from his pocket, which he placed in front of him. Smallwood picked up the money and stated, "You don't think I'll shoot you." Adams responded that he believed the defendant would shoot him. Smallwood then shot Adams in the right leg below the knee and as Adams said, "Don't shoot," Smallwood shot him again through the left leg, also below the knee. Smallwood then pointed the gun at Adams and said, "Don't tell anyone we did this to you." He and his companion then fled. Later that evening, Adams was taken to a hospital. The wound over his left eyebrow required four or five stitches. His two legs were placed in casts, and he remained in the hospital for about three weeks.

The defendant contends that the trial court erred in sentencing him to an extended term for the armed robbery of Adams because that offense was not accompanied by exceptionally brutal or heinous behavior. It is the defendant's position that the shooting of Adams did not accompany the armed robbery but rather accompanied the aggravated battery for which the defendant was convicted. Defendant argues that since the exceptionally brutal or heinous behavior did not accompany the most serious offense of which the defendant was convicted, but accompanied the lesser offense of aggravated battery, the court could not impose an extended sentence for the armed-robbery conviction.

Two sections of the Unified Code of Corrections are involved in determining the issue under consideration here. Section 5—5—3.2(b)(2) (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(2)) provides that the court may consider as a reason to impose an extended-term sentence the fact that the defendant is convicted of any felony and the court finds that the offense was accompanied by exceptionally brutal or heinous behavior indicative of

wanton cruelty. Section 5—8—2 of the Code (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—2) provides:

"(a) A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5—8—1 for the class of *the most serious offense of which the offender was convicted* unless the factors in aggravation set forth in paragraph (b) of Section 5—5—3.2 were found to be present." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—2(a).)

In *People v. Evans* (1981), 87 Ill. 2d 77, 87, this court held that when the two sections of the statute above referred to are read together, it is clear that the most serious offense of which the offender is convicted must be accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty before an extended sentence may be imposed. In *Evans*, we also stated:

"We recognize that [this construction] could lead to the anomalous result of insulating a defendant from receiving an extended sentence for an offense accompanied by wanton cruelty by virtue of his conviction of a more serious offense." (*People v. Evans* (1981), 87 Ill. 2d 77, 88.)

It is defendant's position that the present case falls within the anomalous result which this court foresaw in *Evans*. We do not agree.

The defendant would have us narrowly define and distinctly separate the various offenses that arose out of defendant's conduct. He argues that at the time the defendant took the money from Adams the armed robbery was completed, citing *People v. Smith* (1980), 78 Ill. 2d 298, and that the violent conduct which followed did not accompany the more serious crime of armed robbery but accompanied the lesser crime of aggravated battery. In *Smith*, this court stated that "[t]he offense of robbery is complete when force or threat of force causes the victim to part with possession or custody of property against his

will." (78 Ill. 2d 298, 303.) That statement relates only to the elements necessary to constitute the offense of robbery. Under the statute, the necessary elements which constitute the offense of robbery are completed when those acts occur. (Ill. Rev. Stat. 1981, ch. 38, par. 18—1.) However, the act of the robbery itself has not necessarily been completed at the time the victim surrenders the property so that no further consequences will attach to the robber's conduct subsequent to the surrender of the property. For example, this court has held that when a killing is committed in the course of an escape from a robbery, each of the conspirators is guilty of murder under the felony-murder statute (Ill. Rev. Stat. 1981, ch. 38, par. 9—1(a)(3)), "inasmuch as the conspirators ha[ve] not won their way to a place of safety." *People v. Golson* (1965), 32 Ill. 2d 398, 408; *People v. Allen* (1974), 56 Ill. 2d 536, 541; *People v. Johnson* (1973), 55 Ill. 2d 62, 68-69.

As previously noted, an extended-term sentence may be imposed when the most serious felony of which defendant is convicted is *accompanied* by exceptionally brutal or heinous behavior indicative of wanton cruelty. (Ill. Rev. Stat. 1981, ch. 38, pars. 1005—5—3.2(b)(2), 1005—8—2(a).) However, we do not agree with the defendant that the offenses of armed robbery and aggravated battery, which arose out of the defendant's conduct, can be so narrowly defined or distinctly separated as to say that the shooting of Adams by the defendant did not *accompany* the armed robbery, but instead related only to the lesser offense of aggravated battery. In many instances the exceptionally brutal or heinous behavior necessary to authorize the imposition of an extended-term sentence will itself constitute another separate offense, as in this case. The fact that the defendant may be indicted for and convicted of such other offense should not insulate him from the imposition of the extended-term sentence for the basic offense. This is not the anomalous result which this court referred to in *dicta* in

*People v. Evans* (1981), 87 Ill. 2d 77, 88. Such a construction would substantially lessen the fulfillment of the legislative intent to impose more severe penalties because of exceptionally brutal or heinous behavior indicative of wanton cruelty.

If the defendant had not been indicted for and convicted of aggravated battery in this case, it could not be seriously argued that the shooting of Adams did not accompany the armed robbery. It is only because defendant's brutal conduct did constitute a separate offense for which he was indicted and convicted that he is able to now argue such conduct did not accompany the armed robbery. We do not view the shootings as separate and distinct from the armed robbery. The trial court, in imposing sentence, considered the shootings as accompanying the armed robbery. This was a finding of fact by the trial court. (See *People v. Walker* (1982), 91 Ill. 2d 502, 511-12.) In fact, the statute requires that, before the extended-term sentence may be imposed, the trial court find that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. (Ill. Rev. Stat. 1981, ch. 38, par. 1005–3.2(b)(2).) We conclude, as did the appellate court, that the acts which constituted the aggravated battery accompanied the armed robbery and were inseparably linked thereto. The trial court did not err in its findings in this regard.

In our case, the indictments charging aggravated battery were based on the defendant's shooting of Adams. Thus, the facts which constitute the aggravated battery form the basis for the imposition of the extended-term sentence for armed robbery. The appellate court affirmed the extended-term sentence for the armed robbery of Adams; however, that court vacated the sentence for aggravated battery because the conviction for aggravated battery would both form the basis of the enhancement of the penalty for armed robbery and for an independent sentence for aggravated battery. The appellate court found such a

result to be inconsistent with this court's holdings in *People v. Van Winkle* (1981), 88 Ill. 2d 220, and *People v. Haron* (1981), 85 Ill. 2d 261. The State has not raised the correctness of the appellate court's holding on that issue in this appeal. We therefore do not pass on the correctness of the appellate court's holding on that question.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*