THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
PATRICIA GIL *et al.*, Defendants-Appellants.

First District (3rd Division)   Nos. 85—1246, 85—1247 cons.

Opinion filed April 22, 1987.

Steven Clark and Michael J. Pelletier, both of State Appellate Defender's Office, of Chicago, for appellant Patricia Gil.

Paul P. Biebel, Jr., Public Defender of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellant William Gil.

Richard M. Daley, State's Attorney, of Chicago (Joan Cherry, Mary Shields, and Terrence Griffin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WHITE delivered the opinion of the court upon rehearing:

This case is before us for the second time. Following a bench trial, the court found defendants Patricia and William Gil guilty of armed violence, voluntary manslaughter, and concealment of a homicidal death. The court sentenced each defendant to 18-year terms of imprisonment, consisting of 14 years nonextended terms for armed violence and four years for concealment of a homicide, the terms to run consecutively. On an earlier appeal, we vacated the convictions for armed violence and remanded for resentencing. (*People v. Gil* (1984), 125 Ill. App. 3d 892, 896, 466 N.E.2d 1205.) At the mandated resentencing hearing the prosecution presented no evidence in aggravation, but at the conclusion of the hearing, the trial court again ordered sentences of incarceration totaling 18 years, notwithstanding the elimination of the Class X convictions for armed violence. In order to justify the sentence, the trial court found for the first time that the crimes of the defendants had been exceptionally brutal, heinous, and wanton; then based on this finding, it imposed the maximum extended-term sentences of 14 years for voluntary manslaughter. At the original sentencing hearing the trial court had ordered the four-year concealment sentences to run consecutively under the mistaken belief that chapter 38, section 9—3.1(b) (Ill. Rev. Stat. 1981, ch. 38, par. 9—3.1(b)) required it. We in our earlier opinion advised that such consecutive sentences were not mandatory. On remand the trial court again ordered consecutive sentences, so that the sentences again totaled 18 years. Defendants appeal from the new sentences, contending that the extended terms for voluntary manslaughter are improper and that the terms should run concurrently.

Before Patricia married William Gil, she lived with Jose Ramos as his common law wife. Jose beat Patricia frequently during their years

together. She left him and set up a home in a new community. On May 25, 1981, after Patricia and William had been married for more than a year, Jose discovered her address. Jose went to the house and found Patricia alone inside. Patricia shot Jose. The trial court found that Patricia unreasonably believed that she needed to use deadly force to defend herself.

William was outside, near the house, at the time of the shooting, with Patricia's 17-year-old brother John, and Daniel, a 17-year-old boarder at the Gils' house. When they heard the shot, they ran into the house. Daniel started to dial 911, but William took the phone away from him. Patricia took Daniel out of the house while William and John stayed in the house and waited for Jose to die. They then wrapped Jose's body in a blanket and placed it in the trunk of Jose's car. After cleaning the house, William drove Jose's car into Chicago. Four days later William and John drove Jose's car to West Virginia while Patricia and Daniel drove the Gils' car. In West Virginia they poured gasoline over Jose's car and lit it.

The trial court found Patricia and William guilty of voluntary manslaughter based on Patricia's unreasonable belief that she was acting in self-defense. Under statutes in effect in 1981, voluntary manslaughter was a Class 2 felony for which the sentence was between three years and seven years. (Ill. Rev. Stat. 1979, ch. 38, pars. 9—2(c) and 1005—8—1(a)(5).) The Unified Code of Corrections allowed the court to sentence an offender to an extended term only if factors in aggravation were found to be present. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2(a).) The trial court indicated that it found aggravation in the fact that the offense was accompanied by brutal behavior indicative of wanton cruelty. Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(2).

■ Defendants contend that the trial court impermissibly relied upon the manner in which defendants disposed of the body in sentencing defendants to extended terms. Our supreme court has stated: "[W]hen a defendant has been convicted of multiple offenses of differing classes, an extended-term sentence may only be imposed for the conviction within the most serious class and only if that offense was accompanied by brutal or heinous behavior." (*People v. Jordan* (1984), 103 Ill. 2d 192, 206, 469 N.E.2d 569.) Voluntary manslaughter is in a more serious class of offense than concealment of a homicidal death. The State contends that the trial court could properly have considered the manner in which Jose's body was destroyed because the burning of the body was part of the same criminal transaction as the voluntary manslaughter. (*People v. Smallwood* (1984), 102 Ill. 2d 190, 195-

96, 464 N.E.2d 1049.) However, the trial court stated: "Now, if that is a continuation of the same act, it has to be shown to me. It's not the continuation of the same act." We agree with the trial court's conclusion that defendants began a completely separate criminal transaction when they drove to West Virginia four days after Jose's death. Since the burning of Jose's car and his body did not accompany the voluntary manslaughter, the court may not take these acts into account for purposes of sentencing defendants to extended terms. *People v. Smallwood* (1984), 102 Ill. 2d 190, 195-96, 464 N.E.2d 1049.

■ The State further contends that the actions of defendants which were more nearly contemporaneous with Jose's death were exceptionally brutal. This court has repeatedly held that in order to justify an extended-term sentence, the brutality with which a crime is committed must be exceptional. (*People v. Holiday* (1985), 130 Ill. App. 3d 753, 757, 474 N.E.2d 1280; *People v. Schlemm* (1980), 82 Ill. App. 3d 639, 651, 402 N.E.2d 810, *cert. denied* (1981), 449 U.S. 1127, 67 L. Ed. 2d 115, 101 S. Ct. 948.) As our supreme court stated, the provision allowing extended terms for exceptionally brutal crimes "was not intended to convert every offense into an extraordinary offense subject to an extended-term sentence." *People v. Evans* (1981), 87 Ill. 2d 77, 88-89, 429 N.E.2d 520.

■ In the instant case, after Patricia shot Jose, William prevented Daniel from calling for help, and defendants waited for Jose to die. This is evidence of an intent to take human life which is implicit in the finding of guilty of voluntary manslaughter, but it cannot be characterized as "exceptionally brutal or heinous behavior indicative of wanton cruelty." (Ill. Rev. Stat. 1979, ch. 38, par. 1105—5—3.2(b)(2).) Although the trial court has broad discretion for sentencing offenders (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882), we find that the trial court has abused its discretion in this case. We reduce the sentence for both defendants on the charge of voluntary manslaughter to the maximum term of seven years. *People v. Saldivar* (1986), 113 Ill. 2d 256, 271-72, 497 N.E.2d 1138; *People v. Gray* (1984), 121 Ill. App. 3d 867, 871-72, 460 N.E.2d 354.

■ Defendants maintain that the trial court also erred in sentencing them to consecutive terms for concealment of the homicide. The Unified Code of Corrections states that "[t]he court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." (Ill. Rev. Stat. 1979, ch. 38,

par. 1005—8—4(b)).) Defendants had no criminal record prior to this incident. Patricia presented to the court several letters from community service organizations and churches indicating that she had done considerable work for those organizations and urging leniency. On remand for resentencing, both Patricia and William presented testimony of prison officials who testified that defendants have been model prisoners throughout their incarcerations.

At the original sentencing hearing, the court specifically found, in considering the likelihood that defendants would commit another crime, that that factor "balance[s] *** heavily in their favor." At the hearing on remand, the court contradicted this finding despite the fact that it had seen no new evidence in aggravation. The court recited the evidence regarding the concealment and concluded: "Now, my God, if that is the conduct of a good, law-abiding citizen, I—I just can't understand it. I feel, and it is my judgment, that the public must be protected from people such as William Gil and Patricia Gil ***." Therefore, the trial court sentenced defendants to consecutive sentences for voluntary manslaughter and concealment of a homicide.

■ Since we agree with the trial court's original conclusion that the evidence does not show that defendants are likely to commit other crimes, we find that a consecutive sentence is not needed to protect the public from further criminal conduct by the defendants. Therefore, according to section 5—8—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—4(b)), the sentence for concealment of a homicide must run concurrently with the sentence for voluntary manslaughter. (*People v. Viano* (1986), 139 Ill. App. 3d 560, 568-69, 487 N.E.2d 623; *People v. Gray* (1984), 121 Ill. App. 3d 867, 873, 460 N.E.2d 354.) Under the authority of section 5—5—4.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—4.1), we modify the sentence entered by the trial court, reducing the sentence for both Patricia and William to seven years for voluntary manslaughter and four years for concealment of a homicide, the sentences to run concurrently.

Reversed and sentences modified.

McNAMARA, P.J., and RIZZI, J., concur.