(No. 61635.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOHN V. McCUTCHEON, Appellee.

*Opinion filed January 23, 1986.—Rehearing denied April 1, 1986.*

Neil F. Hartigan, Attorney General, of Springfield, and James Tomaw, State's Attorney, of Newton (Mark L. Rotert, Assistant Attorneys General, and Kenneth R. Boyle, Stephen E. Norris and Raymond F. Buckley, Jr., of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

Randy E. Blue and Patricia M. Sarter, of the Office of the State Appellate Defender, of Mt. Vernon, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

In an eight-count information filed in the circuit court of Jasper County, defendant, John V. McCutcheon, was charged with two counts of attempted murder (Ill. Rev. Stat. 1981, ch. 38, par. 8—4(a)), one count each of rape (Ill. Rev. Stat. 1981, ch. 38, par. 11—1(a)), aggravated battery of a child (Ill. Rev. Stat. 1981, ch. 38, par. 12—4.3a), aggravated battery (Ill. Rev. Stat. 1981, ch. 38, par. 12—4(a)), burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)), and two counts of aggravated kidnaping (Ill. Rev. Stat. 1981, ch. 38, par. 10—2). He pleaded guilty to all counts and was sentenced to terms of 50 years on one count of attempted murder (count I) and the rape count (count III), to be served consecutively. He was also sentenced, to be served concurrently to one another and concurrently to the attempted-murder and rape charges, to terms of 14 years for aggravated battery of a child, 10 years for aggravated battery, 15 years for burglary, and 30 years for each count of kidnaping. The circuit court denied his timely filed motion to withdraw the pleas of guilty and defendant appealed. In a Rule 23 order (130 Ill.

App. 3d 1167; 87 Ill. 2d R. 23) the appellate court reversed the convictions for attempted murder, and we allowed the People's petition for leave to appeal (94 Ill. 2d R. 315). The appellate court held that the counts charging defendant with attempted murder were void and that the judgments of conviction for those offenses had to be vacated. It affirmed the judgment in all other respects and remanded the cause to the circuit court to permit defendant to plead anew to the charges of attempted murder.

The counts charging attempted murder in pertinent part alleged:

"COUNT I

*** John V. McCutcheon, hereinafter called the defendant committed the offense of:

ATTEMPT (MURDER)

in violation of SECTION 8—4(a) of CHAPTER 38 of the Illinois Revised Statutes of said State, in that to-wit: said defendant with the intent to commit the offense of Murder, in violation of Illinois Revised Statutes, Chapter 38, Section 9—1(a)(2), performed a substantial step toward the commission of that offense, in that he, without lawful justification, knowingly struck Shara Briner on the head with a tire iron, knowing such act created a strong probability of death or great bodily harm to Shara Briner.

COUNT II

*** John V. McCutcheon, hereinafter called the defendant committed the offense of:

ATTEMPT (MURDER)

in violation of SECTION 8—4(a) of CHAPTER 38 of the Illinois Revised Statutes in said State, in that to-wit: said defendant with the intent to commit the offense of Murder, in violation of Illinois Revised Statutes, Chapter 38, Section 9—1(a)(1), performed a substantial step toward the commission of that offense, in that he without lawful justi-

fication, and with the intent to do great bodily harm to Shara Briner knowingly struck Shara Briner with a tire iron, knowing such act created a strong probability of death or great bodily harm to Shara Briner."

The appellate court, citing *People v. Roberts* (1979), 75 Ill. 2d 1, concluded that: "in view of the grammatical structure of the charges contained in Counts I and II, the defendant could have mistakenly believed that he could be found guilty of attempted murder if he only had the intent to do great bodily harm and that he, therefore, pleaded guilty to a charge which did not sufficiently apprise him of the nature of the charge against him."

The record shows that, at the hearing during which defendant entered his pleas of guilty, a lengthy statement of the factual basis for defendant's plea was read into the record and that defendant agreed "that most of it is true." It was stipulated that the testimony would show that on November 28, 1982, in Oblong, defendant induced 10-year-old Shara Briner and 11-year-old Chanda Allen to ride with him in his automobile to Newton, under the pretense that he would take them to visit a friend of theirs. Defendant drove to a vacant trailer located on the property of Brigard Oil Company, his place of employment, in Newton. As the girls alighted from the automobile and approached the trailer, he told them to wait; he then opened the trunk and removed a tire iron which the girls did not see. Defendant told the girls to enter the trailer, and once inside, explained to them their friend was not there but would soon return. Chanda started walking through the hallway and heard Shara cry out. She turned and saw Shara had fallen to the floor, and defendant was repeatedly hitting her in the head with the tire iron. Shara tried to protect her head with her hands, and defendant told her to stop crying. Chanda began screaming. Defendant told her that unless she stopped, he would do the same to her.

Defendant left Shara lying on the floor, bleeding, and ordered Chanda to remove her pants. When she refused, defendant threatened to kill them both. In fear for her safety she complied, and defendant forced her to submit to an act of sexual intercourse. Defendant then allowed Chanda to dress and told her to help Shara, who was bleeding profusely from the head. Shara had difficulty walking, so Chanda assisted her. During the drive back to Oblong, defendant told Chanda not to tell what had happened and threatened that he had friends who would harm her. He drove to the Oblong Medical Clinic and told them to get out. Chanda then helped Shara walk approximately five blocks to Shara's house and left her there.

Mrs. Briner, Shara's mother, would have testified that she and Mr. Briner rushed Shara to the hospital. Medical examination indicated that Shara's head injuries were critical; as a result of the beating, Drs. Elliott and Cakdak indicated, her skull was severely crushed, leaving a 2½-inch hole exposing part of the brain which had been bruised. Although early predictions were that her chances of survival were slim, the immediate emergency treatment saved her life. However, the doctors indicated she will continue to suffer from epileptic seizures and will be required to undergo multiple operations to replace the loss of skull with a plate.

We consider first the People's contention that in alleging the intent to commit the offense of murder the information charged defendant with the requisite intent to kill. In support of their contention the People cite *People v. Van Winkle* (1981), 88 Ill. 2d 220. In count I of the information in *Van Winkle* it was alleged that the defendant, "with the intent to commit the offense of Murder in violation of the Illinois Revised Statutes, Chapter 38, Section 9—1a2, performed a substantial step toward the commission of that offense in that he, without lawful justification, knowingly performed an act creating a strong proba-

bility of death or great bodily harm." (88 Ill. 2d 220, 222-23.) The court found that the above-quoted language of the charge alleged the act which constitutes a substantial step toward the commission of the offense and that nothing in the quoted language tended to "negate the requirement of proof of the specific intent to kill." *People v. Van Winkle* (1981), 88 Ill. 2d 220, 224.

Defendant attempts to distinguish *Van Winkle,* stating that the information there merely alleged the act which constituted a substantial step toward the commission of the offense, and contained no language which tended to negate the requirement of proof of the specific intent to kill, whereas defendant here was specifically informed that an intent other than the intent to kill would sustain a finding of guilt on an attempted-murder charge.

We find defendant's argument without merit. The language in *Van Winkle* is identical to that of count I here. We find *Van Winkle* controlling and hold that count I is sufficient to support the conviction for attempted murder.

The record shows that, as contended by defendant, count II of the information which also charged attempted murder of Shara Briner contained the allegation that defendant performed the unlawful acts "with the intent to do great bodily harm to Shara Briner." The record shows that no sentence was imposed on count II, and the record would sustain only one conviction of attempted murder of Shara Briner. (*People v. Szabo* (1983), 94 Ill. 2d 327, 350.) Since defendant was not sentenced on the charge contained in count II, any deficiency in the information was irrelevant. Our examination of the transcript of the proceedings when defendant entered his pleas of guilty and when he was sentenced negates beyond a reasonable doubt the possibility that the language contained in count II misled defendant concerning the nature of the intent required for the offense of attempted murder. (*People v. Wilkerson* (1981), 87 Ill. 2d 151, 157.) We conclude,

therefore, that the appellate court erred in holding that defendant was misled and his guilty pleas were unknowing.

Defendant has made certain contentions concerning the sufficiency of the factual basis for defendant's pleas of guilty. The arguments made in support of these contentions are based on the proposition that the counts charging attempted murder were defective. In view of our holding on this question we do not further discuss these contentions.

The appellate court held, and defendant contends here, that if the conviction for attempted murder is reinstated the convictions for aggravated battery and aggravated battery of a child must be vacated. The People have not argued the matter, and we find no basis in the record for holding otherwise. *People v. King* (1977), 66 Ill. 2d 551, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.

For the reasons stated, the judgment of the appellate court is reversed insofar as it reversed the conviction for attempted murder on count I. The judgment of the appellate court is otherwise affirmed. The judgment of the circuit court of Jasper County is vacated insofar as it entered a judgment of conviction for attempted murder under count II and imposed sentences for aggravated battery and aggravated battery of a child. The judgment of the circuit court is otherwise affirmed. The cause is remanded to the circuit court of Jasper County for issuance of a corrected mittimus.

*Appellate court affirmed in part and reversed in part; circuit court affirmed in part and vacated in part; cause remanded, with directions.*