(No. 53903.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JERRY VAN WINKLE, Appellant.

*Opinion filed November 13, 1981.—Rehearing
denied January 29, 1982.*

WARD, MORAN, and SIMON, JJ., concurring in part and dissenting in part.

Robert Agostinelli, Deputy Defender, and Charles Hoffman, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Melbourne A. Noel, Jr., Susan M. Sherwin, and James E. Fitzgerald, Assistant Attorneys General, of Chicago, of counsel), for the People.

CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

In a jury trial in the circuit court of Henry County, defendant, Jerry Van Winkle, was convicted of the offenses of armed violence, attempted murder, aggravated battery and battery. He was sentenced to a term of six years in the Department of Corrections on the armed-violence conviction. The appellate court affirmed (86 Ill. App. 3d 289), and we allowed defendant's petition for leave to appeal (73 Ill. 2d R. 315).

The facts are adequately stated in the appellate court opinion and will be reviewed here only to the extent necessary to discuss the issues. In a three-count information defendant was charged with one count of attempted murder, one count of aggravated battery and one count of armed violence, all based on the allegation that defendant shot Timothy Melchouri in the neck with a pistol.

Defendant contends that the armed violence conviction must be reversed for the reason that the General Assembly did not intend that the use of a deadly weapon could serve to enhance battery, a misdemeanor, to aggravated battery, a felony, and then to armed violence, a Class X felony.

The armed-violence count charged that defendant "while armed with a dangerous weapon, a pistol, performed acts prohibited by the Illinois Revised Statutes, Chapter 38, Section 12—4(b)(1), in that he, knowingly and without legal justification, shot Timothy Melchiori [*sic*] in the neck, thereby causing bodily harm to Timothy Melchiori [*sic*] in violation of Paragraph 33A—2, Chapter 38, Illinois Revised Statutes." Although it would appear that the aggravated battery charge could have been based on sec-

tion 12—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(a)), the count of the information charging aggravated battery is based upon section 12—4(b)(1), and the count charging armed violence makes specific reference to section 12—4(b)(1).

In *People v. Haron* (1981), 85 Ill. 2d 261, we considered the question whether aggravated battery charged under section 12—4(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(1)) could serve as the predicate felony for invoking the armed-violence statute and stated:

> "Our review of the language of the statute and the authorities leads us to conclude that the General Assembly did not intend that the presence of a weapon serve to enhance an offense from misdemeanor to felony and also to serve as the basis for a charge of armed violence. In our opinion the requirement of section 33A—2 that there be the commission of a felony while armed with a dangerous weapon contemplates the commission of a predicate offense which is a felony without enhancement by the presence of a weapon." (85 Ill. 2d 261, 278.)

Our decision in *Haron* requires that the judgment be reversed as to the conviction of armed violence. Because of the conclusion reached, it is unnecessary to consider defendant's contentions concerning the validity of the statute.

We consider next whether the circuit court erred in denying defendant's motion in arrest of judgment as to the attempted murder count. It is defendant's contention that this count, because it failed to allege that defendant acted with the specific intent to kill, failed to charge the necessary elements of the offense of attempted murder as required by section 111—3(a)(3) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 111—3(a)(3)).

Count I of the information alleged that the defendant, "with the intent to commit the offense of Murder in violation of the Illinois Revised Statutes, Chapter 38, Sec-

tion 9—1a2, performed a substantial step toward the commission of that offense in that he, without lawful justification, knowingly performed an act creating a strong probability of death or great bodily harm to Timothy Melchiori [*sic*], in that he shot the said Timothy Melchiori [*sic*] in the neck with a pistol \*\*\*." The parties agree that an information purporting to charge the offense of attempted murder must allege that the defendant acted with the intent to kill.

Defendant acknowledges that in *People v. Barker* (1980), 83 Ill. 2d 319, it was held that because the indictment charged the defendant with the intent to commit murder it was unnecessary to charge that the acts performed as a substantial step toward the commission of that offense were committed with the specific intent to kill. He argues that the information here is distinguishable from the indictment in *Barker* in that the indictment did not include the statutory language that defendant "knowingly performed an act creating a strong probability of death or great bodily harm." He argues further that in *Barker* the sufficiency of the indictment was questioned for the first time on appeal and must therefore be judged by the standards enunciated in *People v. Gilmore* (1976), 63 Ill. 2d 23. He points out that the attack here was made by motion in arrest of judgment and that under the test applicable at that stage of the proceedings the information was defective.

This court in *People v. Muir* (1977), 67 Ill. 2d 86, *People v. Harris* (1978), 72 Ill. 2d 16, and *People v. Barker* (1980), 83 Ill. 2d 319, considered and discussed the contentions presented by the parties in this cause. Following review of the authorities we adhere to our holding in *People v. Barker* that "It is not logical to argue that an indictment charging one with the intent to commit murder does not charge that he had the intent to kill." (83 Ill. 2d 319, 326.) That portion of the information which charged that defendant "performed a substantial step toward the commission of that

offense [murder] in that he, without lawful justification, knowingly performed an act creating a strong probability of death or great bodily harm to Timothy Melchiori [*sic*], in that he shot the said Timothy Melchiori [*sic*] in the neck with a pistol **\*\*\***" alleged the "act which constitutes a substantial step toward the commission" of the offense (Ill. Rev. Stat. 1977, ch. 38, par. 8—4(a)). Nothing in that language tends to negate the requirement of proof of the specific intent to kill the object of defendant's violence.

For the reasons stated, the judgments of the appellate and circuit courts are reversed as to the armed-violence conviction. The cause is remanded to the circuit court of Henry County with directions to impose sentence on the conviction for attempted murder.

> *Judgments affirmed in part*
> *and reversed in part;*
> *cause remanded, with*
> *directions.*

JUSTICE WARD, concurring in part and dissenting in part:

I dissent from the majority's affirmance of the conviction of attempted murder. Adhering to what was held on the question in *People v. Barker* (1980), 83 Ill. 2d 319, continues, I believe, the confusion stemming from *People v. Trinkle* (1977), 68 Ill. 2d 198. See *People v. Barker* (1980), 83 Ill. 2d 319, 333 (Ward, J., dissenting). I concur in the balance of the judgment.

JUSTICE SIMON joins in this partial concurrence and partial dissent.

JUSTICE MORAN also concurring in part and dissenting in part:

I concur that the judgment of conviction for the offense of armed violence must be reversed; however, I dissent from that part of the decision upholding defendant's con-

viction for attempted murder. See *People v. Barker* (1980), 83 Ill. 2d 319, 333 (Moran, J., dissenting).

JUSTICE SIMON joins in this partial concurrence and partial dissent.