THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ITIEL TAYLOR, Defendant-Appellant.

Second District   No. 84—1203

Opinion filed December 31, 1985.

G. Joseph Weller, Jan K. Dargel, and Patrick M. Carmody, all of State
Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and
Cheri A. Novak, both of State's Attorneys Appellate Service Commission, of
counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Itiel Taylor, was found guilty after a jury trial of armed violence (Ill. Rev. Stat. 1983, ch. 38, par. 33A—2) predicated on aggravated battery causing great bodily harm and voluntary manslaughter (Ill. Rev. Stat. 1983, ch. 38, par. 9—2(b)), and was found not guilty of murder and theft. The trial court sentenced defendant to a 15-year term of imprisonment on the armed violence offense only.

Defendant raises two issues on appeal, that (1) his conviction for armed violence must be vacated where he has also been convicted of voluntary manslaughter, and (2) he must be allowed a new sentencing hearing because during sentencing the trial court referred to the murder charge of which he had been acquitted or, alternatively, his sentence should be reduced.

We need only briefly summarize the trial testimony. Various witnesses testified that a group of about 20 Sin City gang members and friends from North Chicago went to Cole Park in North Chicago on the evening of July 24, 1984. The defendant and a companion, Fred Coleman, were seen walking in the area. There had been trouble a few days prior with some members of the Kingsmen gang from Waukegan. Defendant and Coleman were from Waukegan. Members of the Sin City gang, equipped with bats, pipes, and sticks engaged the two in conversation. The gang started to surround defendant and his companion, and someone swung a bat at Coleman which may have struck him. Defendant pulled a gun from his waistband and shot three times toward the group, but no one was hit. After retreating briefly, some of the gang members chased the two as they ran toward Waukegan. Defendant then turned and shot once, striking Howard Sisson, who was one of those chasing defendant and Coleman. Sisson later died from this injury.

Relying on *People v. Alejos* (1983), 97 Ill. 2d 502, 455 N.E.2d 48, and *People v. Fernetti* (1984), 104 Ill. 2d 19, 470 N.E.2d 501, defendant argues that the armed violence statute cannot be used to enhance the penalty for conduct which is unpremeditated and unlikely to be deferred by the threat of the enhanced penalty. Defendant states that while the aggravated battery, as the predicate offense for armed violence, "is not, in itself, theoretically inconsistent with the armed violence statute, it is obviously being used in homicide cases to circumvent the decisions in *Alejos* and *Fernetti.*" He contends that defendant's conduct of causing great bodily harm with a gun "is encompassed in his voluntary manslaughter conviction, an offense which the Illinois Supreme Court [in *Alejos*] has considered to be inappropriate for enhancement by the armed violence statute." He further

argues that aggravated battery is a lesser included offense of voluntary manslaughter and we must vacate the armed violence conviction based on the court's reasoning in *Alejos* and *Fernetti*.

This is the single basis advanced for vacation of his armed violence conviction and, accordingly, we confine our analysis to the issue as raised by defendant. In *People v. Alejos* (1983), 97 Ill. 2d 502, 455 N.E.2d 48, our supreme court held that voluntary manslaughter, by its common law as well as its statutory definition, is an unpremeditated crime, committed without time for proper reflection. (97 Ill. 2d 502, 507, 455 N.E.2d 48.) The court determined that because the carrying of weapons is not a criminal offense in all instances and the improbability that the armed violence provision will deter those who commit voluntary manslaughter, it would decline to apply the armed violence statute literally to voluntary manslaughter. (97 Ill. 2d 502, 512-13, 455 N.E.2d 48.) In *People v. Fernetti* (1984), 104 Ill. 2d 19, 470 N.E.2d 501, the court found its reasoning in *Alejos* dispositive of the application of the armed violence statute to the predicate offense of involuntary manslaughter and declined to apply the armed violence provisions to the felony of involuntary manslaughter. 104 Ill. 2d 19, 24-25, 470 N.E.2d 501.

In two other instances, our supreme court has ruled that the armed violence statute does not apply to all felonies committed with a dangerous weapon. In *People v. Wisslead* (1983), 94 Ill. 2d 190, 446 N.E.2d 512, the court determined that, for constitutional reasons applicable to the sentencing scheme, the offense of unlawful restraint could not be the predicated felony. (94 Ill. 2d 190, 194-97, 446 N.E.2d 512.) In *People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627, the court held that applying the armed violence statute to felonies which themselves require the use of dangerous weapons would be inconsistent with an assumption made in another part of the armed violence provision that the underlying felony would retain a felony classification if committed while unarmed. 85 Ill. 2d 261, 278, 422 N.E.2d 627.

In the case at bar, the predicate felony charged for armed violence is aggravated battery causing great bodily harm (Ill. Rev. Stat. 1983, ch. 38, par. 12—4(a)). As the presence or use of a weapon is not an element of aggravated battery causing great bodily harm so as to fall within the *Haron* rationale, this type of aggravated battery as the predicate felony is proper. (*People v. Decker* (1984), 126 Ill. App. 3d 428, 432-33, 467 N.E.2d 366; see *People v. VanWinkle* (1981), 88 Ill. 2d 220, 221-22, 430 N.E.2d 987.) The defendant apparently so concedes.

■ Defendant, however, argues that the armed violence convic-

tion was based on aggravated battery causing great bodily harm which is "encompassed in his voluntary manslaughter conviction" and which is a "lesser included offense of voluntary manslaughter." We disagree.

Voluntary manslaughter is an unpremeditated crime (*People v. Alejos* (1983), 97 Ill. 2d 502, 507, 455 N.E.2d 48); and the mental state for voluntary manslaughter (unreasonable belief) is considered less culpable than murder even though both require proof of intent or knowledge. (*People v. Hoffer* (1985), 106 Ill. 2d 186, 194, 478 N.E.2d 335.) Aggravated battery is a specific intent crime because it contains, as an element of the offense, the requirement that the criminal conduct must be performed knowingly or intentionally. *People v. Crosser* (1983), 117 Ill. App. 3d 24, 27, 452 N.E.2d 857.

An included offense is an offense which is established by proof of the same or less than all of the facts, or a less culpable mental state, or both, than that which is required to establish the commission of the offense charged. (*People v. Mays* (1982), 91 Ill. 2d 251, 255, 437 N.E.2d 633.) Voluntary manslaughter is unrelated and fundamentally different from aggravated battery causing great bodily harm, and aggravated battery is not included in it. (*People v. Decker* (1984), 126 Ill. App. 3d 428, 434-35, 467 N.E.2d 366.) It is evident that aggravated battery causing great bodily harm has a more culpable mental state than voluntary manslaughter and cannot be an included offense of voluntary manslaughter. Additionally, it has been held that aggravated battery causing great bodily harm, when committed with a weapon, may be considered more serious than voluntary manslaughter committed with a weapon. 126 Ill. App. 3d 428, 435-36, 467 N.E.2d 366.

■ Based upon the foregoing authority, we conclude that aggravated battery causing great bodily harm is a proper predicate felony for armed violence and is not a lesser included offense of voluntary manslaughter. While defendant also states that the charge of armed violence cannot be predicated on behavior which is found by the jury to constitute voluntary manslaughter, not aggravated battery, the fact remains that the jury found defendant guilty of both voluntary manslaughter and armed violence predicated on aggravated battery, two separate offenses. Defendant does not contend the verdicts are inconsistent, and we will not consider a question not raised. Thus, defendant's contention that his conviction for armed violence must be vacated under the supreme court's reasoning in *Alejos* and *Fernetti* is untenable.

■ The only other issues raised on appeal concern alleged error by the trial judge during the sentencing hearing and an abuse of dis-

cretion in imposing a lengthy sentence. Defendant maintains that in pronouncing sentence for armed violence the trial judge continually referred to the offense of murder for which he was found not guilty and made it clear that he disagreed with the jury's verdict. Defendant further argues that the court failed to consider his good prospects for rehabilitation in imposing sentence. He asks that we reduce his sentence to the minimum term of six years' imprisonment or, alternatively, vacate the sentence and remand for a new sentencing hearing.

During pronouncement of the sentence, the trial judge remarked that the jury very likely could have found defendant guilty of murder, and that defendant was very fortunate that it had instead found him guilty of voluntary manslaughter. Defendant points to several other references by the court to the deliberate character of defendant's act as reflecting the court's consideration of the nature of the offense to the exclusion of all other factors. However, the court also stated, "I accept what the Jury has done and I would give a sentence in keeping with their thoughts, with the Jury's thoughts in the matter, but I don't think that the Jury was thinking about the minimum sentence he would get for something. I think they were thinking about something less than murder." Regarding its decision to impose a 15-year term of imprisonment, the court said, "I think this is an appropriate sentence, considering all of the facts of the case, the deliberateness of it on his part when he had no need to fire. He could have left the scene and nothing more would have happened except maybe some more fracus [*sic*] as the time goes on between the two gangs."

While it is improper for the court to impose a sentence based upon the belief that the accused is responsible for an offense of which he has been acquitted (see *People v. Shumate* (1981), 94 Ill. App. 3d 478, 487-88, 419 N.E.2d 36, 44), we do not interpret the court's remarks as indicating that it based its sentence upon a belief that the defendant should have been found guilty of murder. The court's remarks show only that it believed there had been other options available to defendant and that defendant's firing of his gun was deliberate. Further, the court's affirmative statement that it accepted the jury's verdict negates the factual premise upon which this assigned error is based. *People v. Cain* (1979), 70 Ill. App. 3d 1, 8, 388 N.E.2d 54.

■ Defendant also contends the trial judge failed to consider any aspect of his personal characteristics and background in imposing sentence. However, where mitigation evidence is before the court, it is presumed that the sentencing judge considered this evidence, absent some indication other than the sentence imposed to the contrary. (*People v. Bergman* (1984), 121 Ill. App. 3d 100, 109, 458 N.E.2d 1370.)

The sentence to be imposed in an individual case is left to the discretion of the trial judge after considering the facts and circumstances of the case and the defendant's prior history. (*People v. Almo* (1985), 108 Ill. 2d 54, 70, 483 N.E.2d 203.) A reviewing court will not reduce the sentence unless there is an abuse of discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 281, 412 N.E.2d 541.) The 15-year sentence is within the six- to 30-year sentence for armed violence and, under the circumstances in this record, we find no abuse of sentencing discretion.

Affirmed.

NASH, P.J., and UNVERZAGT, J., concur.