THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT THORNTON, Defendant-Appellant.

First District (4th Division)   No. 85—0056

Opinion filed June 12, 1986.—Rehearing denied July 17, 1986.

Steven Clark and Barbara Kamm, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Christopher J. Cummings, and Anna H. Demacopoulos, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE LINN delivered the opinion of the court:

After a bench trial, the defendant was acquitted of attempted murder but was found guilty of aggravated battery and armed violence; he was sentenced to a six-year prison term on the latter offense. On appeal, he contends first that his armed violence conviction is inconsistent with the purpose of the armed violence statute; second, that the trial judge erred in finding him guilty of armed violence with a category I weapon, where he was charged only with using a category II weapon (Ill. Rev. Stat. 1983, ch. 38, pars. 33A—1(b), (c)); and third, that the trial judge denied his right to present a defense by refusing to let him testify as to the accuracy of an inculpatory statement he had to the police.

BACKGROUND

At trial, the victim testified that at 4 a.m. on March 31, 1984, she became involved in an argument with the defendant, her boyfriend, in her apartment. She stated that he swung at her, she hit him, they argued, she asked him to leave, he advanced toward her and she threw rubbing alcohol in his face. After threatening "to kill" her, the defendant then left the apartment. When the victim walked out about an hour later, the defendant grabbed her, again mentioned killing her, and sliced her ear with a broken beer bottle. Though the victim pleaded for her life, he again sliced her in the neck and hit her in the mouth with the broken bottle. When two men came out of the apartment, the defendant threatened to blind her but fled.

A Chicago police officer arrested the defendant as he was leaving the building; he confirmed that both the defendant and victim were covered with blood, there were bloodstains in the apartment hallway but not in the apartment, and the defendant admitted having a fight with his girl friend. A doctor testified that the victim was admitted to the hospital in critical condition and remained there for five days; he also confirmed the seriousness of her lacerations and blood loss. Also

admitted into evidence was testimony of oral and written statements the defendant gave to an assistant State's Attorney on the night of his arrest, stating that he waited outside for the victim, "getting madder and madder"; according to the statement, the defendant then hit her and picked up the broken beer bottle and began jabbing her with it.

On his own behalf, the defendant testified that he was attacked by the victim and her companions inside the apartment. After they threw rubbing alcohol and salt in his eyes, he was hit on the head and knocked to the floor; he then broke a wine bottle and began jabbing it.

The trial judge found the defendant guilty of aggravated battery (Ill. Rev. Stat. 1983, ch. 38, par. 12—4(a)) and armed violence based on aggravated battery—great bodily harm (Ill. Rev. Stat. 1983, ch. 38, par. 33A—2), and found that the broken bottle clearly was a dangerous weapon for purposes of the armed violence statute.

OPINION

■ We affirm the judgment of the circuit court. First, under the circumstances of this case, we believe that the deterrent purposes of the armed violence statute are properly effectuated by permitting a conviction for armed violence to be predicated on the underlying offense of aggravated battery based on conduct causing great bodily harm. Here, the evidence clearly indicated that the decision to use the broken bottle was not forced upon the defendant. Also, there was more than sufficient evidence for the trial judge to conclude that the use of the weapon was premeditated rather than spontaneous, where the defendant threatened the victim, waited for her for an hour, and then jabbed her several times. Therefore, in such an instance the use of the deadly weapon in the intent offense of aggravated battery theoretically could be deterred; the purposes of the armed violence statute are satisfied by its application to the offense of aggravated battery here. See *People v. Eure* (1986), 140 Ill. App. 3d 387, 488 N.E.2d 1267; see also *People v. Decker* (1984), 126 Ill. App. 3d 428, 467 N.E.2d 366.

■ Second, we cannot agree with the defendant that his conviction for using a category I weapon must be reversed and the cause remanded for resentencing, where the indictment charged him only with using a category II weapon. (Ill. Rev. Stat. 1983, ch. 38, pars. 33A—1(b), (c).) Here, the record is unclear as to whether at the time of his arraignment, the defendant's copy of the indictment indicated that he was charged with using a category I or category II weapon.

However, there is no question that the indictment here did specifically cite the proper statute (Ill. Rev. Stat. 1983, ch. 38, par. 33A—1), charge the defendant with using "a dangerous weapon," and specifically name that weapon, "a broken glass bottle." Given these facts, we must conclude that the charging instrument here sufficiently apprised the defendant with reasonable certainty of the offense charged, especially where there was no dispute that the defendant did use a broken glass bottle. See *People v. Hall* (1983), 117 Ill. App. 3d 788, 456 N.E.2d 1327; *People v. Howard* (1978), 78 Ill. App. 3d 858, 397 N.E.2d 877.

■ Finally, we find no merit to the defendant's contention that he was denied his right to present a defense when the trial judge refused to permit him to testify as to the accuracy of the inculpatory statement he gave to the police on the night of his arrest. When defense counsel asked the defendant several direct but general questions as to whether that statement was "truthful" or "accurate," the trial judge sustained the prosecutor's objections, explaining that it was his province as trier of fact "to determine where the truth lies." However, where the defendant fully presented his version of what actually happened at the apartment, and defense counsel neither asked any additional, specific questions nor presented any evidence about the circumstances surrounding his statement and precisely how and why it may have been inaccurate or invalid, any error that may have stemmed from this ruling clearly was harmless, especially in the case of a bench trial. Similarly, we therefore see no prejudicial error in the prosecutor's two brief closing comments that the defendant never denied making that statement.

Accordingly, the judgment of the circuit court is affirmed.

Judgment affirmed.

JOHNSON and McMORROW, JJ., concur.