THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ISAAC J. CARRILLO, Defendant-Appellant.

Third District   No. 3—85—0780

Opinion filed October 10, 1986.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (Terry A. Mertel, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, Isaac J. Carrillo, was charged by indictment with attempted murder, home invasion, and armed violence predicated on aggravated battery causing great bodily harm. (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4(a), 12—11, 33A—2, 12—4(a).) At the close of the State's case, the court directed a verdict of acquittal on the home-invasion charge. The jury found the defendant not guilty of attempted murder but guilty of armed violence. The defendant was sentenced to the mandatory minimum term of imprisonment of six years.

The testimony at trial tended to establish that on the evening of July 6, 1985, the defendant stabbed Ernest Sosa, causing him great bodily harm. According to Sosa, the defendant, without provocation, simply walked up to Sosa and stabbed him in the chest. However, the defendant and two other witnesses testified that Sosa started the fight by kicking the defendant hard in the stomach. The defendant testified that he fought to defend himself from Sosa, but remembered little of the fight.

The jury found the defendant to be not guilty of attempted murder, but guilty of armed violence. On appeal, the defendant contends that aggravated battery cannot serve as the predicate felony for armed violence where the element of great bodily harm results from the defendant's use of a deadly weapon with unreasonable belief in the need for self-defense.

■■ Initially, the State argues that the defendant, by failing to raise this issue at trial or in his post-trial motion, has waived the issue for review. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) However, because the issue of a conviction for an improper offense affects a substantial right of the defendant, we will address the defendant's contention under the plain-error doctrine. 87 Ill. 2d R. 615(a).

The defendant argues that the armed-violence statute was not intended to apply to conduct based upon an unreasonable belief in self-defense and that such conduct is an exception to the statute. The defendant cites no direct authority to support his argument but does cite a number of other cases which found different exceptions to the armed-violence statute. In *People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627, the court held that the armed-violence statute did not apply to felonies which themselves required the use of dangerous weapons. In *People v. Del Percio* (1985), 105 Ill. 2d 372, 475 N.E.2d 528, it was held that the presence of a weapon could not enhance a lesser felony to a greater felony and then enhance the greater felony to armed violence. In *People v. Wisslead* (1983), 94 Ill. 2d 190, 446 N.E.2d 512, the court determined that, for constitutional reasons applicable to the sentencing scheme, unlawful restraint could not be the predicate felony to armed violence. Finally, in *People v. Alejos* (1983), 97 Ill. 2d 502, 455 N.E.2d 48, the court held that voluntary manslaughter could not serve as the predicate felony for armed violence because the purpose of the armed-violence statute, to deter possession of a weapon during the commission of a felony, could not be achieved by the elevation of voluntary manslaughter, an unpremeditated offense, to armed violence.

■ The armed-violence statute of the Criminal Code of 1961 elevates to Class X status any felony committed while the defendant was armed with a dangerous weapon as defined by the statute. (Ill. Rev. Stat. 1985, ch. 38, par. 33A—1 *et seq.*) The statute does not require that a weapon be present to commit the underlying offense. Rather, it is because a defendant armed with a deadly weapon presents a greater probability of death or great bodily harm that the statute seeks to enhance the punishment of the underlying felony and, more importantly, to deter a defendant's carrying of a weapon while committing a felony. (*People v. Alejos* (1983), 97 Ill. 2d 502, 455 N.E.2d 48.) Thus, the armed-violence statute must be read primarily as a strong statutory deterrent to carrying a deadly weapon, the sanctions of which are activated when coupled with the commission of a felony. *People v. Eure* (1986), 140 Ill. App. 3d 387, 488

N.E.2d 1267.

■■ ■ A number of recent Illinois cases have held that aggravated battery causing great bodily harm may serve as the predicate felony for armed violence. (*People v. Thornton* (1986), 145 Ill. App. 3d 669; *People v. Eure* (1986), 140 Ill. App. 3d 387, 488 N.E.2d 1267; *People v. Taylor* (1985), 139 Ill. App. 3d 779, 487 N.E.2d 767; *People v. Decker* (1984), 126 Ill. App. 3d 428, 467 N.E.2d 366.) The courts in the above cases reasoned that the deterrent purpose of the armed-violence statute was achieved by its application to the intentional offense of aggravated battery causing great bodily harm. We find such reasoning to be sound and applicable to the case at bar. We hold that the defendant's conviction for armed violence based on aggravated battery causing great bodily harm was indeed proper. In so holding, we note that there was sufficient evidence for the jury to believe that the defendant, while lacking the specific intent to kill, was not acting in self-defense.

The defendant also argues that it is unjust to convict him of the Class X felony of armed violence here, where his victim lived, as he would have been convicted of only the Class 1 felony of voluntary manslaughter if his victim had died. We disagree. As the court observed in *People v. Decker* (1984), 126 Ill. App. 3d 428, 467 N.E.2d 366, aggravated battery causing great bodily harm, when committed with a weapon, may be considered more serious than voluntary manslaughter committed with a weapon; and the statutory scheme producing this result is constitutional. Further, if Sosa had died, we think the evidence could well have supported a conviction for murder.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.