THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DIANN DRAKEFORD, Defendant-Appellant.

Fifth District   No. 5—88—0230

Opinion filed November 8, 1989.

RARICK, J., dissenting.

Daniel M. Kirwan and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Grace, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

After a jury trial, defendant, Diann Drakeford, was found guilty of second degree murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—2) and armed violence (Ill. Rev. Stat. 1987, ch. 38, par. 33A—2). Defendant was sentenced to serve 20 years in the Department of Corrections on the armed violence conviction. No sentence was entered on the second degree murder conviction. In this cause defendant raises the following issues: (1) where defendant was found guilty of both armed violence and second degree murder based on the same set of facts, must the armed violence conviction be vacated and the cause remanded for resentencing on the second degree murder conviction; and (2) alternatively, did the trial court give insufficient consideration to defendant's criminal history, her family situation, her history as a victim of violence and abuse, and her remorse, and give undue consideration to the factor of deterrence so that defendant's sentence should be reduced? We affirm in part, vacate in part, and remand for sentencing. In light of the issues raised on appeal, we need only briefly summarize the facts.

Defendant and victim, Ellouise Burton, were sisters. On the evening of September 12, 1987, both were in front of the Palms Lounge in Carbondale when an altercation ensued. There was evidence that during the course of the events, defendant pulled a knife from her bra and stabbed the victim. The victim died as a result of the wound inflicted by defendant. There was testimony that defendant had believed the victim and defendant's husband were having an affair. In addition, defendant testified that she saw the victim reach into her purse and, because of previous altercations in which her sister was involved, defendant assumed the victim was pulling out a knife.

Defendant was charged with first degree murder and armed violence predicated on aggravated battery by amended information. At

defendant's request, the jury was instructed on second degree murder based on the mitigating factor of unreasonable belief. The jury returned a verdict finding defendant guilty of second degree murder and armed violence predicated on aggravated battery.

Defendant's first issue on appeal is whether defendant's conviction for armed violence should be vacated and the cause remanded for resentencing on the second degree murder conviction. Relying on *People v. Clay* (1987), 165 Ill. App. 3d 68, 518 N.E.2d 659, defendant argues that both the armed violence and the second degree murder charges arose from the same set of facts—namely, the attack on Ellouise Burton. According to defendant, the only difference between the charges is that the death of the victim was not a necessary element of the offense of armed violence. Because both verdicts were grounded on the same set of facts, defendant contends that the armed violence conviction must be vacated and defendant must be sentenced only on the second degree murder conviction. The State, relying on *People v. Taylor* (1985), 139 Ill. App. 3d 779, 487 N.E.2d 767, responds that, in the instant case, the armed violence charge was properly predicated on the underlying felony of aggravated battery; therefore, the additional second degree murder conviction based upon the same set of facts as the aggravated battery does not prohibit defendant from being sentenced for the armed violence alone, since without defendant's carrying the weapon, the crime of aggravated battery would not have become fatal.

█ █ The basic question posed is whether we will follow the fourth district's ruling in *People v. Clay* (1987), 165 Ill. App. 3d 68, 518 N.E.2d 659, the second district's ruling in *People v. Taylor* (1985), 139 Ill. App. 3d 779, 487 N.E.2d 767, or follow an entirely different approach. In order to understand both the fourth and the second district's decisions, it is necessary to review *People v. Alejos* (1983), 97 Ill. 2d 502, 455 N.E.2d 48, in which the supreme court held that voluntary manslaughter could not be enhanced to a Class X felony under the armed violence provisions of the Criminal Code. We note that, effective July 1, 1987, the statutory offense of voluntary manslaughter was replaced with the offense of second degree murder, which incorporated the sudden passion and unreasonable belief in self-defense concepts as mitigating factors available to reduce a first degree murder charge. (Ill. Rev. Stat. 1987, ch. 38, par. 9—2; *People v. Moore* (1987), 159 Ill. App. 3d 1070, 513 N.E.2d 87.) The *Alejos* decision was based upon legislative intent and the nature of the underlying felony. Specifically, the *Alejos* court stated:

"The stiff punishment mandated by the armed-violence provi-

sion is intended not only to punish the criminal and protect society from him but also to deter his conduct—that of carrying the weapon while committing a felony." (*Alejos*, 97 Ill. 2d at 509, 455 N.E.2d at 51.)

Because of the improbability that the armed violence provision would deter those who would commit voluntary manslaughter from using a dangerous weapon, since no one who commits voluntary manslaughter intends in advance to take a life or to employ deadly force, the supreme court refused to allow the offense of voluntary manslaughter to serve as a predicate felony under the armed violence statute. The supreme court adopted this same reasoning when the charge was one of involuntary manslaughter. *People v. Fernetti* (1984), 104 Ill. 2d 19, 470 N.E.2d 501.

In *People v. Clay* (1987), 165 Ill. App. 3d 68, 518 N.E.2d 659, the fourth district found that the State had attempted to avoid the effects of *Alejos* and *Fernetti* by charging the defendant with armed violence predicated on aggravated battery rather than voluntary manslaughter in an attempt to circumvent the state of mind argument. The State argued that by charging the defendant with armed violence predicated on aggravated battery, the aggravated battery could be categorized as a premeditated crime, thereby defeating the deterrence argument that was controlling in *Alejos*. However, the *Clay* court found that the State had overlooked the fact that the charges arose from the same set of facts and stated:

> "[W]here convictions are returned for armed violence and voluntary manslaughter arising out of the same set of facts, the armed violence conviction must be vacated and judgment entered only on the voluntary manslaughter conviction." (165 Ill. App. 3d at 71, 518 N.E.2d at 661.)

A different conclusion was reached by the second district in *People v. Taylor* (1985), 139 Ill. App. 3d 779, 487 N.E.2d 767.

In *Taylor*, the defendant was found guilty after a jury trial of armed violence predicated on aggravated battery and voluntary manslaughter and was found not guilty of murder and theft. The defendant argued that the voluntary manslaughter verdict nullified the verdict of armed violence and contended that the State in charging armed violence was attempting to circumvent the application of *Alejos*. The *Taylor* court concluded that the aggravated battery charge was a proper predicate for armed violence. It was not a lesser included offense of voluntary manslaughter because aggravated battery requires a more culpable mental state than voluntary manslaughter. The *Taylor* court declared:

"While defendant also states that the charge of armed violence cannot be predicated on behavior which is found by the jury to constitute voluntary manslaughter, not aggravated battery, the fact remains that the jury found defendant guilty of both voluntary manslaughter and armed violence predicated on aggravated battery, two separate offenses." (139 Ill. App. 3d at 782, 487 N.E.2d at 770.)

We are not persuaded a lesser included offense analysis is appropriate. Instead, as in *Clay*, we focus our analysis on whether the charges arise from the same set of facts. To do otherwise would be to circumvent the supreme court's ruling in *People v. Alejos* (1983), 97 Ill. 2d 502, 455 N.E.2d 48.

In the instant case, in the course of a single altercation with her sister, the victim, defendant pulled a knife from her bra and began lunging at the victim. The wounds inflicted from this attack resulted in the victim's death. One witness, Elizabeth Welch, testified that shortly after the attack, defendant told her that she had stabbed her sister because she knew her sister was having an affair with her husband. Defendant also made an admission to a police officer, "That bitch be with my man and the next time I'll kill her." Defendant testified in her own behalf that she saw her sister reach in her purse, and she assumed that her sister was reaching for a knife. The jury was instructed on second degree murder based on the mitigating factor of unreasonable belief only. (Ill. Rev. Stat. 1987, ch. 38, par. 9—2(a)(2).) The jury apparently was convinced that defendant believed that at the time of the stabbing her sister really possessed a knife and intended to use it, thereby reducing the crime from one of first degree murder, to one of second degree murder, a Class 1 felony.

■ We disagree with the State that *Alejos* is based on a false premise. Rather, we agree with the supreme court that because voluntary manslaughter, which has been supplanted by the second degree murder statute, is committed on impulse, there is no deterrent value in penalizing the use of a weapon in the commission of such a crime. In keeping with the supreme court decision in *People v. Alejos*, we follow the fourth district's approach in *People v. Clay* and hold that where convictions are returned for armed violence predicated on aggravated battery and an additional charge of second degree murder arising out of the same set of facts, the armed violence conviction must be vacated and judgment entered only on the second degree murder conviction. In light of our ruling, we need not consider defendant's second sentencing issue.

For the foregoing reasons, this court affirms defendant's conviction for second degree murder, vacates her conviction for armed violence, and remands for sentencing.

Affirmed in part; vacated in part and remanded.

HARRISON, J., concurs.

JUSTICE RARICK, dissenting:

Because I believe *People v. Taylor* (1985), 139 Ill. App. 3d 779, 487 N.E.2d 767, presents a better reasoned approach, I respectfully dissent.

Defendant here was convicted of second degree murder and armed violence predicated on aggravated battery, *two separate offenses*. I disagree with the majority that we should look to the same set of facts analysis. Aggravated battery, a proper predicate felony for armed violence, simply is not a lesser included offense of voluntary manslaughter, or second degree murder. Aggravated battery requires a more culpable mental state. (139 Ill. App. 3d at 782, 487 N.E.2d at 770.) I also do not believe the *Taylor* approach circumvents the supreme court ruling in *People v. Alejos* (1983), 97 Ill. 2d 502, 455 N.E.2d 48, as does the majority.

The purpose of the armed violence statute is to prevent the *carrying* of a deadly weapon. (See *People v. Carrillo* (1986), 148 Ill. App. 3d 11, 13, 499 N.E.2d 44, 45.) The wisdom of such a statute clearly is evident in this instance. Absent defendant's carrying of a deadly weapon, her altercation with her sister in all probability would not have been transformed into a homicide. The purpose behind the armed violence statute cannot be achieved if convictions are not allowed to stand. I therefore believe defendant's conviction for armed violence predicated on aggravated battery was proper and should not be vacated.