564 N.E.2d 792 (1990)
139 Ill.2d 206
151 Ill.Dec. 337
The PEOPLE of the State of Illinois, Appellant,
v.
Diann DRAKEFORD, Appellee.
No. 69617.
Supreme Court of Illinois.
November 21, 1990.
*793 Neil F. Hartigan, Atty. Gen., Springfield, and Charles Grace, State's Atty., Murphysboro (Robert J. Ruiz, Sol. Gen., and Terence M. Madsen and Jack Donatelli, Asst. Attys. Gen., Chicago, and Kenneth R. Boyle, Stephen E. Norris and Raymond F. Buckley, of the Office of the State's Attys. Appellate Prosecutor, Mount Vernon, of counsel), for the People.
Daniel M. Kirwan, Deputy Defender, and E. Joyce Randolph, Asst. Defender, of the Office of the State Appellate Defender, Mount Vernon, for appellee.
Justice CLARK delivered the opinion of the court:
The issue before this court is whether, in light of our decision in People v. Alejos (1983), 97 Ill.2d 502, 74 Ill.Dec. 18, 455 N.E.2d 48, a defendant can be sentenced for armed violence predicated on aggravated battery causing great bodily harm if a simultaneous conviction for second degree murder has been returned against a defendant for the same act. We hold that a defendant may not be sentenced for armed violence predicated on aggravated battery when a simultaneous conviction for second degree murder is returned for the same act.
Defendant, Diann Drakeford, and the victim, Ellouise Burton, were sisters. On the evening of September 12, 1987, defendant and the victim were involved in an altercation wherein defendant fatally stabbed the victim. As a result, defendant was charged by information with first degree murder and armed violence predicated on aggravated battery causing great bodily harm.
At trial in the circuit court of Jackson County, defendant testified that, during the altercation, defendant saw the victim reach into her purse. Based on previous altercations with the victim, defendant believed that she was reaching for a knife in her purse. Consequently, at defendant's request, the jury was instructed on second degree murder based on the mitigating factor of unreasonable belief of self-defense. Defendant was found guilty of second degree murder (Ill.Rev.Stat.1987, ch. 38, par. 9-2) and armed violence (Ill.Rev. Stat.1987, ch. 38, par. 33A-2) predicated on aggravated battery causing great bodily harm. The trial court sentenced defendant only on the charge of armed violence.
The appellate court vacated the conviction for armed violence, affirmed the conviction for second degree murder and remanded for sentencing on the offense of second degree murder. (190 Ill.App.3d 767, 138 Ill.Dec. 69, 546 N.E.2d 1124.) The court held that when convictions are returned for second degree murder and armed violence predicated on aggravated battery *794 arising out of the same act, the armed violence conviction must be vacated and judgment entered only on the second degree murder conviction. (190 Ill.App.3d at 771, 138 Ill.Dec. 69, 546 N.E.2d 1124.) We granted the State's petition for leave to appeal (107 Ill.2d R. 315).
The Illinois armed violence statute reads: "A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law." (Ill.Rev.Stat.1987, ch. 38, par. 33A-2.) The statute divides dangerous weapons into two categories: Category I weapons, which include guns and knives (Ill.Rev.Stat.1987, ch. 38, par. 33A-1(b)), and Category II weapons, which include, inter alia, "bludgeon," "blackjack," or "metal knuckles" (Ill.Rev.Stat. 1987, ch. 38, par. 33A-1(c)). Violation of the armed violence statute with a Category I weapon is a Class X felony; whereas violation of the armed violence statute with a Category II weapon is "a Class 2 felony or the felony classification provided for the same act while unarmed, whichever permits the greater penalty." (Ill.Rev.Stat.1987, ch. 38, par. 33A-3.) To violate the statute, a person need not actually use a dangerous weapon in the commission of a felony; rather, a person need only carry a dangerous weapon while committing a felony. Alejos, 97 Ill.2d at 508, 74 Ill.Dec. 18, 455 N.E.2d 48; People v. Haron (1981), 85 Ill.2d 261, 268, 52 Ill.Dec. 625, 422 N.E.2d 627.
The armed violence statute has been the subject of much judicial interpretation. (See People v. Wade (1989), 131 Ill.2d 370, 137 Ill.Dec. 608, 546 N.E.2d 553; People v. Fernetti (1984), 104 Ill.2d 19, 83 Ill.Dec. 375, 470 N.E.2d 501; People v. Wisslead (1983), 94 Ill.2d 190, 68 Ill.Dec. 606, 446 N.E.2d 512; Haron, 85 Ill.2d 261, 52 Ill. Dec. 625, 422 N.E.2d 627; Alejos, 97 Ill.2d 502, 74 Ill.Dec. 18, 455 N.E.2d 48; People v. Donaldson (1982), 91 Ill.2d 164, 61 Ill. Dec. 780, 435 N.E.2d 477; People v. Van Winkle (1981), 88 Ill.2d 220, 58 Ill.Dec. 736, 430 N.E.2d 987.) Of particular importance to this case is Alejos, where the court held that voluntary manslaughter cannot be a predicate felony for the armed violence statute. Since Alejos, Illinois has replaced the statutory offense of voluntary manslaughter with second degree murder.[1] Second degree murder is an unpremeditated crime induced by sudden fear or duress and committed without proper time for reflection. (Alejos, 97 Ill.2d at 507, 74 Ill. Dec. 18, 455 N.E.2d 48; see People v. Sudduth (1958), 14 Ill.2d 605, 153 N.E.2d 557; People v. Brown (1946), 392 Ill. 519, 521, 64 N.E.2d 739; Moore v. People (1893), 146 Ill. 600, 602, 35 N.E. 166; see generally Clark & Marshall, Law of Crimes § 10.11 (Wingersky 6th ed. 1958); Ill.Ann.Stat., ch. 38, par. 9-2, Committee Comments, at 392 (Smith-Hurd 1979).) To be convicted of second degree murder, a person's actions must have been motivated by either a sudden and intense passion resulting from serious provocation or an actual but unreasonable belief that the circumstances required the use of deadly force as a means of self-defense. Ill.Rev.Stat.1987, ch. 38, pars. 9-2(a)(1), (a)(2).
The court in Alejos did not believe that applying the armed violence statute to second degree murder would promote the deterrent purpose of the statute. (Alejos, 97 Ill.2d at 509, 74 Ill.Dec. 18, 455 N.E.2d 48.) The court reasoned that the "general application" of the armed violence statute is to "discourage those who contemplate a felonious act beforehand from carrying a weapon when they set forth to perform the act." (Alejos, 97 Ill.2d at 509, 74 Ill.Dec. 18, 455 N.E.2d 48.) Yet, as the court stated:
"[N]o one who commits [second degree murder] intends in advance to take a life or employ deadly force; the only `intent' of this sort that enters into the crime is the decision, arrived at without deliberation and in most cases instantaneously, to use force capable of killing. Before *795 that decision is arrived at, the person who is guilty of [second degree murder] typically has no criminal intent whatever. Many * * * people * * * make the decision to arm themselves long before the onset of the passion or misconception which transforms their intentions from peaceful to homicidal; those that arm themselves later do so after the passion or the misconception takes hold of them, after which deterrence is no longer possible." (Alejos, 97 Ill.2d at 509-10, 74 Ill.Dec. 18, 455 N.E.2d 48.)
Because second degree murder is committed at the "spur of the moment and, by definition, without any deliberation" (Alejos, 97 Ill.2d at 509, 74 Ill.Dec. 18, 455 N.E.2d 48), and because it is not illegal to carry a weapon in all instances (cf. Ill.Rev. Stat.1987, ch. 38, pars. 24-1, 24-3.1 (which set forth the limited circumstances under which the physical possession of certain weapons without more can be a crime); Alejos, 97 Ill.2d at 508, 74 Ill.Dec. 18, 455 N.E.2d 48), the court concluded that it would be inappropriate to apply the armed violence statute to second degree murder (Alejos, 97 Ill.2d at 509-10, 74 Ill.Dec. 18, 455 N.E.2d 48).
The court in Alejos also stated that applying the armed violence statute to second degree murder would not promote the "punitive or retributive" goal of the statute. (Alejos, 97 Ill.2d at 510, 74 Ill.Dec. 18, 455 N.E.2d 48.) The court reasoned that a person who intends no crime but commits second degree murder is no more responsible for "a situation of public danger than the possessor of a weapon who intends no crime and goes about his business undisturbed." (Alejos, 97 Ill.2d at 510, 74 Ill. Dec. 18, 455 N.E.2d 48.) Neither person intends to use a dangerous weapon. But, the person who commits second degree murder "does so only in response to external provocation so strong that he does not properly deliberate or channel his response." (Alejos, 97 Ill.2d at 510, 74 Ill. Dec. 18, 455 N.E.2d 48.) Therefore, the court did not believe that the "punitive" goal of the armed violence statute would be fostered if the statute was applied to second degree murder. Alejos, 97 Ill.2d at 510, 74 Ill.Dec. 18, 455 N.E.2d 48.
In the case at bar, defendant was charged with armed violence predicated on aggravated battery, not second degree murder. The State contends that it did not violate Alejos because aggravated battery causing great bodily harm is a proper predicate felony for the armed violence statute. We agree with the State that aggravated battery causing great bodily harm falls within the purview of the armed violence statute. See Donaldson, 91 Ill.2d at 170, 61 Ill.Dec. 780, 435 N.E.2d 477 (holding that multiple convictions for both armed violence and the underlying felony cannot stand where single physical act is the basis for both charges; court vacated defendant's conviction for aggravated battery causing great bodily harm which was the predicate felony for the armed violence conviction); Haron, 85 Ill.2d at 277, 52 Ill.Dec. 625, 422 N.E.2d 627; Van Winkle, 88 Ill.2d at 221-22, 58 Ill.Dec. 736, 430 N.E.2d 987; see also People v. Carrillo (1986), 148 Ill.App.3d 11, 14, 101 Ill.Dec. 677, 499 N.E.2d 44; People v. Eure (1986), 140 Ill.App.3d 387, 395, 94 Ill.Dec. 874, 488 N.E.2d 1267; People v. Decker (1984), 126 Ill.App.3d 428, 432, 81 Ill.Dec. 666, 467 N.E.2d 366.
However, under the facts of this case, the State is circumventing this court's holding in Alejos by charging aggravated battery causing great bodily harm as the predicate felony. In Alejos, this court specifically held that the State cannot "literally" use second degree murder as a predicate felony for armed violence. (Alejos, 97 Ill.2d at 513, 74 Ill.Dec. 18, 455 N.E.2d 48.) However, the rationale of Alejos is that the legislature did not intend for the armed violence statute to apply to conduct constituting second degree murder. Consequently, the State may not utilize the armed violence statute to enhance a defendant's penalty if a defendant's act constitutes second degree murder.
In the case at bar, defendant was convicted of second degree murder. Thus, the jury found that defendant's conduct was unpremeditated, undeterrable, and caused *796 by an actual but unreasonable belief that the circumstances required the use of deadly force in self-defense. As a result, even though defendant also committed aggravated battery causing great bodily harm, which is a proper predicate felony for armed violence, we will not permit the State to utilize the armed violence statute to enhance defendant's penalty for conduct constituting second degree murder.
As in Alejos, the State argues that we should not ignore the plain and unambiguous language of the armed violence statute, which makes it applicable to "any felony defined by Illinois Law." (Ill. Rev.Stat.1987, ch. 38, par. 33A-2.) According to the rules of statutory construction, "[w]here the statutory language is clear and unambiguous, a court must enforce the law as enacted without considering other aids of construction." (People v. Ferguson (1989), 132 Ill.2d 86, 97, 138 Ill.Dec. 262, 547 N.E.2d 429; County of DuPage v. Graham, Anderson, Probst & White, Inc. (1985), 109 Ill.2d 143, 151, 92 Ill.Dec. 833, 485 N.E.2d 1076.) If the statute is ambiguous, however, to determine the intent of the legislature, a court may look not only to the language of the statute, but also to the "`"reason and necessity for the law, the evils to be remedied and the objects and purposes to be obtained."`" Ferguson, 132 Ill.2d at 98, 138 Ill.Dec. 262, 547 N.E.2d 429 (quoting Alejos, 97 Ill.2d at 511, 74 Ill.Dec. 18, 455 N.E.2d 48, quoting Mid-South Chemical Corp. v. Carpentier (1958), 14 Ill.2d 514, 517, 153 N.E.2d 72).
We reject the State's argument that we are bound by the plain language of the armed violence statute. As we stated in Alejos, the rule that courts must not disregard the plain language of a statute "operates only when the statute that is being construed is free from apparent ambiguity." (Alejos, 97 Ill.2d at 511, 74 Ill.Dec. 18, 455 N.E.2d 48.) Prior decisions of this court, including Alejos, indicate that the words "any felony" in the armed violence statute are subject to limitation. (See Wisslead, 94 Ill.2d 190, 68 Ill.Dec. 606, 446 N.E.2d 512; Haron, 85 Ill.2d 261, 52 Ill. Dec. 625, 422 N.E.2d 627.) Consequently, since conduct constituting second degree murder is not subject to the armed violence statute, we will not permit the State to do indirectly what this court in Alejos forbade it to do directly.
In addition, the legislature has apparently accepted this court's interpretation of the armed violence statute in Alejos. "Where the legislature chooses not to amend a statute after a judicial construction, it will be presumed that it has acquiesced in the court's statement of the legislative intent." (Miller v. Lockett (1983), 98 Ill.2d 478, 483, 75 Ill.Dec. 224, 457 N.E.2d 14; People ex rel. Boylan v. Illinois Central Gulf R.R. Co. (1978), 72 Ill.2d 387, 393, 21 Ill.Dec. 198, 381 N.E.2d 276; People v. Hairston (1970), 46 Ill.2d 348, 353, 263 N.E.2d 840.) Further, "[t]his court's explication of [a] statute [becomes] * * * a part of the statute until the General Assembly change[s] it." (Roth v. Yackley (1979), 77 Ill.2d 423, 428, 33 Ill.Dec. 131, 396 N.E.2d 520; City of Decatur v. Curry (1976), 65 Ill.2d 350, 359, 2 Ill.Dec. 741, 357 N.E.2d 1184; Mitchell v. Mahin (1972), 51 Ill.2d 452, 456, 283 N.E.2d 465.) Thus, by failing to amend the armed violence statute after Alejos, the legislature has implicitly accepted the rationale of Alejos that conduct constituting second degree murder is not subject to the armed violence statute.
Lastly, if we were to hold that a defendant could be sentenced for armed violence predicated on aggravated battery where there was a simultaneous conviction for second degree murder arising out of the same act, we would render ineffective the second degree murder statute. To commit aggravated battery causing great bodily harm, a specific intent crime, the defendant must act "intentionally" or "knowingly." (Ill.Rev.Stat.1987, ch. 38, par. 12-4(a).) Logically, any time a defendant commits second degree murder based on an unreasonable belief of self-defense, the defendant will also possess the intent or knowledge necessary for a conviction on aggravated battery causing great bodily harm. Thus, in the future, prosecutors will seek sentencing on the Class X armed violence predicated on aggravated battery conviction *797 rather than on the Class 1 second degree murder conviction. This result would effectively nullify the second degree murder statute.
The legislature passed the armed violence statute with the purpose of deterring persons from carrying dangerous weapons when they commit a felony. (Alejos, 97 Ill.2d at 509, 74 Ill.Dec. 18, 455 N.E.2d 48.) It seems highly unlikely that the legislature intended the armed violence statute to nullify the second degree murder statute which was created as "legal compromise between murder and exoneration." Ill.Ann.Stat., ch. 38, par. 9-2, Committee Comments, at 392 (Smith-Hurd 1979).
For the reasons set forth above, this court affirms the judgment of the appellate court.
Judgment affirmed.
NOTES
[1] Effective July 1, 1987, the statutory offense of voluntary manslaughter was replaced with the offense of second degree murder. (Ill.Rev.Stat.1987, ch. 38, par. 9-2.) The second degree murder statute incorporated the mitigating factors of sudden and intense passion and unreasonable belief of self-defense. Ill.Rev.Stat.1987, ch. 38, par. 9-2.